UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>PRIMARION, INC., ET AL.,<br><br>Defendant(s).<br>_____/ | Case No.  C08-05129 JCS<br><br>**ORDER ON DISCOVERY RE: JOINT LETTER BRIEF [Docket No. 85] AND ORDER RE DISCOVERY PROCEDURES** |

   On June 3, 2009, the parties filed a Joint Letter Brief regarding Defendants Production of Documents and Responses to Plaintiff Volterra's First Set of Document Requests.

   At the June 12, 2009 case management conference, the Court ruled as follows:

1. Defendants shall produce all documents responsive to Plaintiff's First Request for Production of Document (the "Request") that the Court herein orders produce, or that Defendants have agreed to produce, not later than June 30, 2009.

2. Defendants shall serve amended responses to the Request (if they have not already done so), detailing which categories of document have been produced, and which categories of documents will not be produced, not later than June 30, 2009.

3. Defendants shall produce all documents responsive to paragraph #1 of the Request.

4. Defendants shall search for and produce documents responsive to the Request from the paper and electronic files of the 7 sales and marketing and 7 technical personnel identified by Defendants in their interrogatory responses in this case as involved in the sales, marketing, or technical aspects of the accused products in this case.  The parties shall meet and confer on the possibility of searching other custodians.

5. Defendants shall produce all responsive documents regarding the Callisto power stage product/concept/design.

6. Plaintiffs and The Infineon Defendants shall meet and confer and identify two additional Infineon custodians whose files should be searched for documents in their custody or control regarding the Primarion power stage products, along with the production of any other selected agreed upon categories of documents (such as some categories of documents relating to the acqustion of Primarion) for production by June 30, 2009, without prejudice to production of further documents after that date. The parties shall meet and confer regarding the production of other documents in the custody or control of the Infineon Defendants.

7. Except as so expressly granted, the application to compel additional production by Defendants is denied.

8. Lead trial counsel for the parties are ordered to meet and confer in person regarding Defendants' discovery from Plaintiff, and, if any issues remain, provide a joint letter to the Court by **June 19, 2009**.

In the event a future **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2. Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the in-person, meet-and-confer sessions described above. The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than 4:30 p.m. the day before the hearing. Pursuant to Civil L. R. 7-7(e), filed motions may be withdrawn without leave of the Court, within seven (7) days of the date for service of the opposition. Thereafter, leave of the Court must be sought.

All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials followed by the designation "(JCS)".

**ELECTRONIC FILING AND COURTESY COPIES**

Please refer to Civil L. R. 5-4 and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements. All documents shall be filed in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

3

BEFORE NOON ON THE NEXT BUSINESS DAY FOLLOWING THE ELECTRONIC FILING, THE PARTIES ARE REQUIRED TO LODGE DIRECTLY WITH CHAMBERS ONE CONFORMED, **PAPER** COPY OF EACH DOCUMENT, WHICH IS TO BE DESIGNATED **"JCS'S CHAMBERS' COPY."**

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

IT IS SO ORDERED.

Dated: June 23, 2009

JOSEPH C. SPERO
United States Magistrate Judge