James W. Morando (State Bar No. 087896)
    jmorando@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
    jfisher@fbm.com
Racheal Turner (State Bar No. 226441)
    rturner@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff
VOLTERRA SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMARION, INC., a Delaware corporation, INFINEON TECHNOLOGIES AG, a German corporation, and INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-08-5129 JCS<br><br>**VOLTERRA SEMICONDUCTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT DECLARATION OF DR. RICHARD FAIR**<br><br>Date:        TBD<br>Time:        TBD<br>Dept.:       Courtroom A, 15th Floor<br>Judge:       Honorable Joseph C. Spero<br><br>Complaint Filed:    November 12, 2008<br>Trial Date:              None set |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS

23666\2085904.2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2009, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom A of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph C. Spero, Plaintiff Volterra Semiconductor Corporation ("Volterra") will, and hereby does, move to exclude the expert declaration of Dr. Richard Fair and preclude Defendants from relying on Dr. Fair's declaration and/or any opinions discussed therein at or in connection with the Claims Construction hearing, currently scheduled for December 18, 2009.  Volterra further seeks an order precluding Dr. Fair from giving live testimony at the Claims Construction hearing.  Should the Court grant Volterra's contemporaneously filed motion to shorten time for the hearing on this motion, please note that the instant motion will be heard (if necessary) on November 6, 2009, at 9:30 a.m., or as soon thereafter as is convenient for the Court.  This motion will be made pursuant to Patent L.R. 4-2 and 4-3 on the grounds Defendants failed to disclose Dr. Fair and/or his opinions in violation of the Patent Local Rules.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the supporting declaration of Jeffrey M. Fisher, and all pleadings, exhibits and papers on file in this action and any other material properly before the Court.

Dated: November 4, 2009

FARELLA BRAUN & MARTEL LLP


By:_____/s/ Jeffrey M. Fisher_____
        Jeffrey M. Fisher

Attorneys for Plaintiff
VOLTERRA SEMICONDUCTOR
CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS

- 1 -

23666\2085904.2

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   Plaintiff Volterra Semiconductor Corporation ("Volterra") hereby moves the Court to

3   exclude the Declaration of Dr. Richard Fair in Support of Defendants' Responsive Claim

4   Construction Brief and any opinions or testimony that Dr. Fair might offer in support of

5   Defendants' claims construction positions at or in connection with the Claims Construction

6   hearing set for December 18, 2009.  Volterra brings this motion on the grounds that Defendants

7   have failed to previously disclose their intention to rely on Dr. Fair or any expert opinions from

8   Dr. Fair in support of their claims construction positions in violation of Patent L.R. 4-2 and 4-3.

9
10  **I.    DEFENDANTS FAILED TO DISCLOSE ANY INTENTION TO RELY ON EXPERT TESTIMONY FROM DR. FAIR IN THEIR PRIOR LOCAL PATENT RULE DISCLOSURES.**

11  Patent L.R. 4-2 requires that in connection with the exchange of Preliminary Claims

12  Constructions, each party must identify any supporting extrinsic evidence they intend to rely on,

13  including testimony of expert witnesses.  In their Patent L.R. 4-2 Statement, Defendants did not

14  identify Dr. Fair and did not identify any expert testimony from Dr. Fair that they intended to rely

15  on.  (Defendants' and Counterclaimants' Proposed Claim Constructions, dated August 3, 2009,

16  Fisher Declaration, Exh. A).

17  Patent L.R 4-3 further requires that in connection with the filing of a Joint Claim

18  Construction and Prehearing Statement, each party must identify all supporting extrinsic evidence

19  the party intends to rely on to support their proposed claims constructions, including any

20  testimony of expert witnesses.  In the Patent L.R. 4-3 Joint Claim Construction and Prehearing

21  Statement, Defendants did not identify Dr. Fair and did not identify any expert testimony from

22  Dr. Fair that they intended to rely on to support their claims construction positions.  Instead,

23  Defendants identified and cited to opinion testimony of their previous expert, Dr. Baker, as set

24  forth in Dr. Baker's previously filed report.  (*See* Exhs. A and B to Joint Claim Construction and

25  Prehearing Statement, dated August 31, 2009, attached as Exhibit A to the Declaration of Vera

26  Elson in Support of Defendants' Motion for Leave to Amend Joint Claim Construction and

27  Prehearing Statement, dated October 15, 2009 (Docket No. 328)).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS                    - 2 -                    23666\2085904.2

1    Although Defendants recently sought leave to amend the parties' Patent L.R. 4-3

2    Statement on October 15, 2009, Defendants again made no reference to Dr. Fair and did not seek

3    leave to amend their submission to allow reliance on expert testimony from Dr. Fair.  (Docket No.

4    451).

5        Notwithstanding their prior failure to identify Dr. Fair, on November 2, 2009, Defendants

6    submitted a **93 page, 217 paragraph** declaration of Dr. Fair in support of their Responsive Claims

7    Construction Brief.  In their brief, Defendants rely extensively on Dr. Fair's declaration and the

8    expert opinions set forth in that declaration to support their claims construction arguments.  *See*

9    Opp. Br. at 1:11-15; 3 nn. 6, 7; 5:13-14; 5:25:27 & n.11; 6 n.14; 8 n.17; 9 n.19; 15:11-13 & n.24;

10   16:4-7; 17 n.26; 20 n.29; 21:10-13; 22 n.30; 23 n.32; 25:8-10 & n.34.  In many instances,

11   Defendants simply cite in their brief to paragraph ranges of Dr. Fair's declaration "for additional

12   support of Defendants' construction," without any explanation.

13       As the Court is aware, Defendants had previously relied on expert opinion testimony

14   regarding claims construction from a different testifying expert – Dr. Baker – in connection with

15   their oppositions to Volterra's motions for preliminary injunction and for summary judgment.  Dr.

16   Baker submitted two lengthy expert reports (Docket Nos. 216 and 284) on issues relating to

17   claims construction, as well as infringement and validity.  Dr. Baker was deposed on these issues

18   by Plaintiff's counsel on August 20, 2009.  Surprisingly, in their Responsive Claims Construction

19   Brief, Defendants now make no mention of Dr. Baker.

20       Defendants should not be permitted to rely on a new expert in connection with claims

21   construction proceedings in this action at this late date in contravention of their disclosure

22   obligations under the Patent Local Rules.  Indeed, Patent L.R. 4-2(b) provides that each party

23   shall identify along with their Preliminary Claims Constructions "any supporting extrinsic

24   evidence including ... expert witnesses" that support their constructions and that "[w]ith respect to

25   any supporting witness, percipient or expert, the identifying party shall also provide a description

26   of the substance of that witness' proposed testimony that includes a listing of any opinions to be

27   rendered in connection with claims construction."

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS          - 3 -          23666\2085904.2

1    Patent L.R. 4-3(e) similarly requires that parties identify any expert witness they intend to

2    rely upon in connection with the parties' Joint Claims Construction and Pre-Hearing Statement,

3    stating that parties must identify:

> Whether any party proposes to call one or more witnesses at the
> Claim Construction Hearing, *the identity of each such witness,*
> *and for each such witness, a summary of his or her testimony,*
> *including, for any expert, each opinion to be offered related to*
> *claim construction*.

7    (Emphasis added.)

8    Thus, Dr. Fair's expert testimony – which Defendants now seek to offer as extrinsic

9    evidence in support of Defendants' proposed claims construction positions – was required to be

10   identified months ago pursuant to Patent L.R. 4-2 and 4-3 but was not.  Defendants instead stated

11   in the parties' Patent L.R. 4-3 Statement that:

> Defendants' position is that based on the Court's statement at the
> June 12 Case Management Conference, the Court does not wish to
> have expert testimony as part of the Markman hearing, and
> therefore, Defendants currently do not plan on calling an expert to
> testify at the hearing in light of the Court's statements that it will
> not hear expert testimony.  In the event that the Court permits
> expert testimony, Defendants reserve all rights to provide expert
> testimony consistent with this disclosure of proposed
> constructions.  Defendants plan to have their expert available at the
> claim construction hearing to answer any questions that the court
> might have.

18   *See* Patent L.R. 4-3 Statement at 3.  While Defendants mischaracterize the Court's comments at

19   the June 12 Case Management Conference concerning whether live expert testimony would be

20   permitted at the Claims Construction Hearing,[1] under the express requirements of the Patent

21   Local Rules, *Defendants were clearly required to identify any experts and any expert opinion(s)*

22   *upon which they intended to rely to support their claims construction positions*.  Defendants

23   nonetheless failed to do so on multiple occasions in violation of the Patent Local Rules.

24   In a case that is directly on point, Judge Smith granted a motion to exclude the defendant's

25   expert from the claims construction briefing and *Markman* hearing in *Friskit, Inc. v.*

---

[1] Although the Court did not commit at the Case Management Conference to having experts testify live at the Claims Construction hearing, the Court indicated that experts upon which the parties intended to rely should be present at the hearing, as confirmed in its Case Management and Pretrial Order issued following the conference.  *See* Docket No. 91 at 2:13-15.

MTN TO EXCLUDE RE RICHARD FAIR                    - 4 -                              23666\2085904.2
Case No. CV-08-5129 JCS

*RealNetworks, Inc.*, 2005 WL 6249309 (N.D. Cal. March 22, 2005).  In *Friskit*, the Court ruled that where, as here, a defendant reserves its right to use an expert but fails to identify any experts it intended to use and/or the specifics of his or her testimony, the defendant had failed to meet the requirements of the Patent Local Rules.  *Id.*  Finding that the plaintiff had been prejudiced because it lost its opportunity to meaningfully depose the expert as a result of the defendant's failure to follow the Patent Local Rules, the Court excluded the expert regardless of whether the defendant intended to call the expert at the claims construction hearing.  *Id.*  The Court stated that "Real had no authority to expand the local rules of the Court in this manner, unilaterally granting themselves the right to use an expert witness without adhering to the necessary disclosures."  *Id.*

As in *Friskit*, Volterra has been significantly prejudiced as a result of Defendants' violation of the Court's rules.  Given that Defendants failed to disclose Dr. Fair in connection with the claims construction process until the filing of their Opposition Brief on November 2, Volterra has not had an opportunity to depose Dr. Fair or seek discovery relating to his opinions.  *See Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F.Supp.2d 946, 980 (N.D. Cal. 2008) ("One clear inequity of the Manufacturers' shift in position is that Rambus was not able to depose the Manufacturers' expert on their new proposed claim constructions prior to filing its opening and reply briefs.").  In fact, Dr. Fair's name only recently surfaced in this action when Defendants' counsel requested permission from Volterra to disclose confidential materials to Dr. Fair pursuant to the protective order entered in this action in an email dated October 16, 2009.  Fisher Decl., Exh. B.  Volterra further submitted its Opening Claims Construction Brief without benefit of even knowing that Defendants intended to rely on Dr. Fair (much less the scope or substance of his opinions).  Defendants' tactics have also left Volterra only days to respond to a 93 page, 217 paragraph declaration in its Reply Claims Construction Brief (due on November 10, 2009).  This is simply unfair.

For the foregoing reasons, the Court should exclude Dr. Fair's declaration and preclude Defendants from relying on Dr. Fair's declaration or any opinions discussed therein at or in connection with the Claims Construction hearing.  The Court should also preclude Dr. Fair from giving live testimony at the Claims Construction hearing.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS                              - 5 -                              23666\2085904.2

**II.    IF THE COURT IS NOT INCLINED TO EXCLUDE EXPERT TESTIMONY FROM DR. FAIR, DEFENDANTS SHOULD HAVE TO PRODUCE DR. FAIR FOR DEPOSITION AND VOLTERRA SHOULD BE GIVEN AN EXTENSION OF TIME TO FILE ITS REPLY CLAIMS CONSTRUCTION BRIEF.**

Volterra believes that Dr. Fair's declaration and expert testimony should be excluded.  In the event that the Court is not inclined to exclude Dr. Fair's declaration and opinions, however, Volterra requests that the Court order that: (1) Dr. Fair be made available for deposition at Volterra's counsel's offices in San Francisco; (2) Defendants be required to pay all attorney's fees and costs associated with Volterra preparing for and taking Dr. Fair's deposition, including the expense for Volterra's expert, Dr. Szepesi, to assist in the preparation for and in attending Dr. Fair's deposition; and (3) Volterra should be given a reasonable extension of time to file its Reply Claims Construction Brief.

If Defendants are to be allowed to switch experts at this late date (which Volterra believes they should not be allowed to do), Defendants should at least have to pay for the costs that Volterra will incur in taking the deposition of Defendants' new expert given that Dr. Baker was the only expert on claims construction issues Defendants had previously identified.  Volterra has already had to incur the expense of preparing for and taking Dr. Baker's deposition, including the expense for Volterra's expert, Dr. Szepesi, to assist in the preparation for and to attend Dr. Baker's deposition.  Volterra should not have to incur these fees and costs again due to Defendants' last minute switch of their expert.

Moreover, given the length of Dr. Fair's declaration and the need for Volterra to depose him, Volterra will need a reasonable extension of time to study the new declaration, depose Dr. Fair and then prepare its Reply Claims Construction Brief after having done so.  If the Court needs more time to study the briefing of the parties between the filing of Volterra's Reply Brief and the Claim Construction hearing than what such an extension would allow, then the Claims Construction hearing should be rescheduled.

/ / /

/ / /

/ / /

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS                   - 6 -                        23666\2085904.2

1   Dated:  November 4, 2009                  Respectfully submitted,

2                                             FARELLA BRAUN & MARTEL LLP

3

4                                             By:   /s/ Jeffrey M. Fisher
                                                         Jeffrey M. Fisher
5
                                              Attorneys for Plaintiff
6                                             VOLTERRA SEMICONDUCTOR CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN TO EXCLUDE RE RICHARD FAIR
Case No. CV-08-5129 JCS                           - 7 -                              23666\2085904.2