1   James W. Morando (State Bar No. 087896)
        jmorando@fbm.com
2   Jeffrey M. Fisher (State Bar No. 155284)
        jfisher@fbm.com
3   June T. Tai (State Bar No. 226997)
        jtai@fbm.com
4   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
5   San Francisco, CA  94104
    Telephone:  (415) 954-4400
6   Facsimile:  (415) 954-4480

7   Attorneys for Plaintiff
    VOLTERRA SEMICONDUCTOR CORPORATION

8

9                   UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12   VOLTERRA SEMICONDUCTOR
     CORPORATION, a Delaware corporation,          Case No. CV-08-5129 JCS
13
                    Plaintiff,                     **REDACTED VOLTERRA
14                                                 SEMICONDUCTOR CORPORATION'S
            vs.                                    OPPOSITION TO DEFENDANTS'
15                                                 MOTION FOR PRECLUSION OF
     PRIMARION, INC., a Delaware                   EVIDENCE SUPPORTING VOLTERRA'S
16   corporation, INFINEON                         PRACTICE OF THE PATENTS-IN-SUIT**
     TECHNOLOGIES AG, a German
17   corporation, and INFINEON                     Date:   June 4, 2010
     TECHNOLOGIES NORTH AMERICA                    Time:   9:30 a.m.
18   CORPORATION, a Delaware corporation,          Dept.:  Courtroom A, 15th Floor
                                                   Judge:  The Honorable Joseph C. Spero
19                  Defendants.
                                                   Complaint Filed:  November 12, 2008
20                                                 Trial Date:       January 31, 2011
21   AND RELATED COUNTERCLAIMS.                    **PARTIALLY FILED UNDER SEAL**

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    CONTAINS HIGHLY CONFIDENTIAL NFORMATION

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  ISSUE PRESENTED ........................................................................................ 4

III.  THE APPLICABLE FACTUAL AND PROCEDURAL BACKGROUND ...................... 4

   A.  The July 13, 2009 Hearing And The Court's Order .................................... 4

   B.  The Second Subpart Of Subpart (e) Of Interrogatory No. 8 ...................... 6

   C.  Volterra's July 24, 2009 Supplemental Responses to Interrogatory No. 8(e) ........ 8

   D.  Defendants Made No Meaningful Effort To Meet And Confer Regarding Any Perceived Inadequacies In Volterra's July 24, 2009 Supplemental Interrogatory Responses And Filed This Motion Without Any Prior Notice Many Months After Entry Of The Court's Order .................................... 9

   E.  After Defendants Filed This Motion, Volterra Again Attempted to Obtain Clarity On What Further Information Defendants Needed. .................................... 11

   F.  Volterra Is Preparing Supplemental Responses In Compliance With The Guidance Provided By The Court At The May 7, 2010 Hearing ........................ 11

IV.  RULE 37 SANCTIONS, INCLUDING PRECLUSION OF EVIDENCE, SHOULD BE REJECTED ........................................................................................ 13

   A.  Preclusion of Evidence that Volterra Practices Its Patents Would Severely Prejudice to Volterra's Position. .................................... 14

   B.  Volterra's Responses To Portions Of Interrogatory No. 8 Other Than Interrogatory No. 8(e) Are Not At Issue .................................... 15

   C.  Defendants Have Not Suffered Any Prejudice Due To Any Alleged Deficiencies In Volterra's Response To Interrogatory No. 8(e) ........................ 16

      1.  Because the Information Sought By Interrogatory No. 8(e) Has Been Available to Defendants, Defendants Have Not Suffered Any Prejudice. .................................... 16

      2.  Volterra Has At All Times Acted In Good Faith Here ............................ 18

      3.  Defendants' Reliance On Fed. R. Evid. 403 Is Misplaced........................ 19

   D.  Based on the Court's Comments at the May 7, 2010 Hearing, Volterra Is In The Process Of Further Supplementing Its Response to Interrogatory No. 8(e) .................................... 19

V.  VOLTERRA HAS COMPLIED FULLY WITH PATENT L.R. 3-1(G) ........................ 20

VI.  CONCLUSION .................................................................................................... 21

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - i -

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,*
  190 F.R.D. 644 (N.D. Cal. 2000) ............................................................... 13

*Demaco Corp. v. Von Langsdorff Licensing, Inc.,*
  851 F.2d 1387 (Fed. Cir. 1988) .................................................................. 14

*Network Appliance, Inc. v. Bluearc Corp.,*
  2005 U.S. Dist. LEXIS 16726 (N.D. Cal. June 27, 2005) ......................... 13

*Nike Inc. v. Wolverine World-Wide, Inc.,*
  43 F.3d 644 (Fed. Cir. 1994) ................................................................ 16, 17

*O2 Micro International Ltd. v. Monolithic Power System, Inc.,*
  467 F.3d 1355 (Fed. Cir. 2006) .................................................................. 20

*Stratoflex, Inc. v. Aeroquip Corp.,*
  713 F.2d 1530 (Fed. Cir. 1983) .................................................................. 14

*Sun Microsystems, Inc. v. Network Appliance, Inc.,*
  2010 U.S. Dist. LEXIS 14842 (N.D. Cal. Feb. 19, 2010) .......................... 21

*Tec Air, Inc. v. Denso Manufacturing Michigan Inc.,*
  192 F.3d 1353 (Fed. Cir. 1999) .................................................................. 14

*Wendt v. Host International, Inc.,*
  125 F.3d 806 (9th Cir. 1997) ...................................................................... 13

## FEDERAL STATUTES

Fed. R. Evid. 403 ............................................................................................... 19

Federal Rule of Civil Procedure 33(d) ...................................................... 10, 11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - ii -

1  **I.   INTRODUCTION**

2      Following a discovery hearing held on July 13, 2009 while Volterra's motions for entry of

3  a preliminary injunction and summary judgment of infringement were pending, the Court issued

4  an Order on July 15, 2009 stating that Volterra shall provide a full and complete answer to a

5  portion of Primarion's Interrogatory No. 8(e) to describe "the manner in which" Volterra

6  contends its products practiced the asserted claims by July 24, 2009. *See* Dkt No. 180.  In

7  response to the Court's Order, Volterra did what it understood the Court had ordered.  In the

8  eleven day period between the July 13 hearing and the July 24 deadline set by the Court,

9  Volterra's chief scientist and engineers performed substantial research and detailed analysis with

10  respect to each of the power stage products Volterra has ever sold to prepare a specific and

11  detailed supplemental response to Interrogatory 8(e).  Volterra's supplemental response, which

12  was 127 pages in length, was by no means "boilerplate" as Defendants would like to label it.

13

14

15

16

17

18  ▮.  In the same time period, Volterra also produced the substantial number of

19  layout plots and technical documents regarding each of these 82 products as also ordered by the

20  Court at the July 13 hearing.

21      Over eight months later, on March 31, 2010, Defendants filed the instant Motion for

22  Preclusion of Evidence (the "Motion"), asking that the Court preclude Volterra from being able to

23  argue in this case that its products practice the inventions of the Burstein patents, a key point that

24  Defendants know presents very powerful evidence demonstrating that the inventions of the

25  Burstein patents were innovative and non-obvious.  The Motion argues that this relief should be

26  granted because the supplemental interrogatory responses served by Volterra on July 24, 2009 did

27  not identify or cite to supporting evidence or documents demonstrating that each claim element is

28  present in each product and therefore did not comply with the Court's July 15, 2009 Order.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS

1         This Motion was filed without prior warning.  Indeed, at no time during the 8 month

2    period between the service of Volterra's supplemental interrogatories and the filing of the instant

3    Motion did Defendants state or inform Volterra that they believed the Court's July 15, 2009

4    Order required that Volterra identify or cite to supporting evidence or documents demonstrating

5    that each claim element is present in each product.  Defendants did no more make the conclusory

6    statement in an August 19, 2009 email that they thought that this supplemental response did not

7    provide all of the required information.  Although Volterra immediately responded on August 24

8    and asked Defendants to explain why they thought that the supplemental responses did not

9    provide what was required by the Court's Order, Defendants provided no explanation.  Although

10    Volterra then sent another email on September 16, 2009 again asking Defendants to explain why

11    they believed Volterra's supplemental interrogatory response failed to provide what was required

12    by the Court's Order, Defendants again refused to respond to Volterra's inquiry and state what it

13    was about Volterra's 127-page supplemental response that was deficient.  Indeed, although

14    another six months passed between Volterra's September 16, 2009 inquiry and the filing of this

15    Motion on March 31, 2010, Defendants did not say anything further about any alleged

16    inadequacy in Volterra's supplemental response to Interrogatory No. 8.

17         Defendants' Motion should be denied.  While at the recent May 7, 2010 hearing the Court

18    made clear that by its July 15, 2009 Order it intended to require Volterra to identify the evidence

19    and documents which demonstrate the existence of individual claim elements in the asserted

20    claims in Volterra's products, prior to this Volterra did not understand that this was what the

21    Court intended to require.  The language of the Interrogatory subpart in question is stated in

22    contention form ***and does not ask for identification of evidence or documents***.  Volterra did not

23    understand either from the language of the Court's written July 15 Order or from the statements

24    by the Court at the July 13 hearing that it was required to identify the evidence and documents

25    which demonstrate the existence of individual claim elements in its products.

26

27

28

Parella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Had Volterra understood at the time or at any point prior to the May 7, 2010 hearing that the Court had intended to require it to also identify the specific evidence which demonstrated the existence of the individual claim elements, it would have done so.  Having now received that guidance, Volterra is doing the substantial work necessary to provide the type of information which the Court indicated at the May 7, 2010 hearing was required.  It expects to be able to provide these supplemental responses in chart format, along with the supporting evidence, before the hearing on this Motion.

Among other things, these supplemental responses will provide "zoom-in" images from Volterra's technical database to identify and demonstrate the existence of the "alternating pattern" of "doped regions" and the "alternating pattern" of "metalized pads" that Defendants acknowledged at the May 7, 2010 hearing and at the April 12, 2010 meet and confer session were the only two claim elements that might not be readily acknowledged to be present in Volterra's products.  These responses will also identify the evidence demonstrating the existence of the other claim elements which Defendants requested after the May 7 hearing.  While this is an enormous undertaking performed in a short time period, given the severe and potentially devastating consequence of the relief sought by Defendants' Motion, Volterra is doing everything it reasonably can to comply with the guidance provided by the Court at the May 7, 2010 hearing.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                - 3 -                CONTAINS HIGHLY CONFIDENTIAL
                                                                                      INFORMATION

1    Volterra has at all times acted in good faith here.  Moreover, there has been no prejudice

2    to the Defendants.  Indeed, if Defendants were truly concerned about obtaining identification of

3    the evidence demonstrating the existence of particular claim elements in Volterra's products, they

4    would have responded to Volterra's inquiries in August and September 2009, or by taking up

5    Volterra on its long standing offer to inspect Volterra's product design database.  Defendants'

6    Motion is not at all directed at obtaining the information they complain that Volterra should have

7    provided, but rather seeks the draconian remedy of barring Volterra from putting on key and

8    powerful evidence that supports the innovation and non-obvious nature of the inventions of the

9    Burstein patents.  The Motion should be denied.

10   **II.    ISSUE PRESENTED**

11       Whether Volterra should be barred from arguing in this action that its products practice

12   the asserted claims of the Burstein patents because:  (1) the supplemental interrogatory response

13   Volterra served on July 24, 2009, though setting forth Volterra's contentions as to the manner in

14   which each individual product met each individual element of each individual asserted claim that

15   was the subject of the then pending motions, did not specifically identify or cite to the evidence or

16   documents that demonstrate the existence of the individual claim elements; or (2) Volterra's

17   supplemental interrogatory response did not respond to subparts (b) and the first subpart of

18   subpart (e) of Interrogatory 8 even though Defendants had withdrawn any request for such

19   responses prior to the July 13, 2009 hearing.

20   **III.    THE APPLICABLE FACTUAL AND PROCEDURAL BACKGROUND**

21       **A.    The July 13, 2009 Hearing And The Court's Order.**

22       The Order in question here was issued on July 15, 2009 (Dkt. No. 180) following a July

23   13, 2009 hearing that occurred during the pendency of Volterra's motion for a preliminary

24   injunction and summary judgment of infringement.  The July 13, 2009 hearing was scheduled by

25   the Court to hear argument relating to a Joint Letter that presented certain discovery disputes to

26   the Court for determination.  At the July 13, 2009 hearing, the Court ruled upon Defendants'

27   request that Volterra be required to provide a supplemental response to the second subpart of

28   subpart (e) of Primarion's Interrogatory No. 8.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 4 -          CONTAINS HIGHLY CONFIDENTIAL
                                                            INFORMATION

1    Defendants erroneously assert in their Motion that the Court was also asked at the July 13

2    hearing to rule on whether Volterra should also have to provide a response to subpart (b) of

3    Interrogatory No. 8 and to the first portion of subpart (e) of Interrogatory No. 8.  Indeed,

4    Defendants' Motion requests a preclusionary order based on Volterra's failure to provide any

5    response to these two other interrogatory subparts.  Mot. at 9-10.  Defendants' assertions in their

6    Motion are inaccurate.  Specifically, prior to the July 13, 2009 hearing, counsel for the parties met

7    and conferred with respect to Interrogatory No. 8.  As a result of that meet and confer, Defendants

8    withdrew any request for a response as to subpart (b) of Interrogatory No. 8 and to the first

9    portion of Interrogatory  8(e) that requested that Volterra detail the "nature, history and timing of

10   the design and development" as to each of its products.  The withdrawal of any request for a

11   response to these portions of Interrogatory No. 8 was expressly confirmed on the record at the

12   July 13, 2009 hearing.  Defendants' counsel expressly acknowledged that the requests as to the

13   other subparts had been withdrawn and only the second subpart of subpart (e) was at issue and

14   presented for a ruling:

15           The Court:  We are going to start with eight.  Am I right, am I
             correct that's what the Plaintiffs have agreed?
16

17           Mr. Morando:  Not exactly.  *You are right that's the only issue in
             dispute, but a couple of the ones that you mentioned the
             Defendants actually withdrew.*
18

19           The Court:  Okay.  **But am I right, the only issue in dispute is
             whether they should describe and Plaintiffs describe in detail
             the manner in which these, whatever they are, 81 products
20           practice the invention?**

21           Ms. Elson:  *Correct, your honor, that latter half of section e.*

22   Tr. of Hearing at 2:24-3:10 (Jul. 13, 2009).  Since the filing of their Motion, Defendants have

23   acknowledged that the Court's July 15, 2009 Order did not apply to subpart (b) or the first subpart

24   of subpart (e) of Interrogatory No. 8 and that no response was required by Volterra.  Morando

25   Decl., Ex. I.

26           Thus, at the July 13, 2009 hearing, the only item remaining in dispute was the second

27   subpart of subpart (e) of Interrogatory No. 8 seeking a description of Volterra's contentions

28   regarding "the manner in which" Volterra's products practiced the asserted claims of the patents

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 5 -

1    at issue.  The Court heard argument regarding whether Volterra should be required to provide a

2    supplemental response to the second subpart of subpart (e) of Interrogatory No. 8 and ruled in

3    favor of Defendants.  The Court ordered that Volterra should provide a full and complete answer

4    to this interrogatory subpart by July 24, 2009.  The Order was limited to the products on which

5    Volterra would be relying on for purposes of the pending motions.

6           On July 15, 2009, the Court issued a written order stating that:  "By 7/24/9 [sic] Plaintiff

7    shall provide full and complete answers to Interrogatory Number 8(e) with respect to the listed

8    products."  Dkt. No. 180.  In the same July 15, 2009 Order, the Court ordered that Volterra

9    produce, within the same time period, a significant volume of technical documents for each

10   product at issue in the pending motions, specifically composite high level layer plots, final design

11   review documents, and final product specifications.

12          **B.      The Second Subpart Of Subpart (e) Of Interrogatory No. 8.**

13          The second subpart of Interrogatory 8(e) that was the subject of the Court's July 15 Order

14   is a contention interrogatory which requested that Volterra "describe in detail" the manner in

15   which Volterra's products practice the asserted claims of Volterra's products.  The full language

16   of Primarion's Interrogatory No. 8(e) states:

17          **Interrogatory No. 8:**

18                  For each and any claim from the ASSERTED PATENTS that
                    VOLTERRA asserts it practiced or practices in any VOLTERRA
19                  PRODUCT made, offered for sale or sold by VOLTERRA: . . .

20                  e.      **DESCRIBE IN DETAIL** the nature, history and timing of
                    the design and development of any such PRODUCT **and the**
21                  **manner in which the VOLTERRA PRODUCT practiced or**
                    **practices the ASSERTED CLAIM.**
22
     Dolkas Decl., Ex. 1 at 6-7 (emphasis added).
23
            The literal language of subpart (e) of Interrogatory No. 8 does not request that Volterra
24
     identify any specific evidence or documents that supported its contentions.  Nor does it request
25
     that the format of the response be in a chart form or in any other particular format.  Nor does the
26
     use of the defined term "DESCRIBE IN DETAIL" in subpart (e) of Interrogatory No. 8 add a
27
     request that Volterra do anything more than set forth its contentions in a detailed manner.  In
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR                           CONTAINS HIGHLY CONFIDENTIAL
PRECLUSION / CASE NO. CV-08-5129 JCS        - 6 -              INFORMATION

1   fact, the term "DESCRIBE IN DETAIL" was defined in the Interrogatories as: "state and

2   describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act,

3   omission, event, date, and/or legal contention pertaining to the matter(s) inquired of." *Id.* at 3.

4   This language does not contain or add any request to respond to the interrogatory by identifying

5   evidence or documents.

6          Volterra is mindful of and has taken to heart the guidance provided by the Court at the

7   May 7, 2010 hearing. However, prior to receiving that guidance, Volterra did not understand the

8   Court's July 15, 2009 Order to require Volterra, in providing a further response to Interrogatory

9   No. 8(e), to identify or cite to the specific evidence which demonstrates the existence of each of

10  the individual claim elements in each of its products. As noted, the language of the interrogatory

11  does not request this. While the Court's written Order issued on July 15, 2009 stated that "full

12  and complete answers to Interrogatory 8(e)" are to be provided, it did not mention any

13  requirement to include identification of the evidence which demonstrated that individual claim

14  elements were present. *See* Order at 1 (Dkt. No. 180).

15         Nor did Volterra understand from the discussion at the July 13, 2009 hearing that the

16  Court intended to require identification or citation to evidence in supplementing the interrogatory

17  response. There was discussion during argument at the July 13, 2009 hearing about requiring a

18  "claim by claim" response and about providing a "detailed analysis." Tr. of Hearing at 10:19-

19  12:14 (Dkt. No. 181). There was also argument made by Volterra's counsel that Defendants'

20  request "would appear to basically ask for a claim chart." *Id.* at 13:17-21. There was also

21  dialogue with the Court regarding the relative degree of knowledge that Volterra had about its

22  products as contrasted with that of the Defendants when the Court rejected Volterra's counsel's

23  argument that the request should be denied since the Defendants already had sufficient knowledge

24  of Volterra's products based on their own reverse engineering and copying of Volterra's products.

25  *Id.* at 14:23-15:7. However, at least as Volterra understood in good faith, there was no specific

26  discussion at the hearing about whether a further response to the interrogatory needed to go

27  beyond the literal language of the interrogatory itself to also identify and cite to specific evidence

28  demonstrating where the each element was found in each product. Indeed, when the Court

Parella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 7 -          CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

1   announced its ruling at the conclusion of the argument at the hearing on this issue, there was

2   again no mention of a requirement to identify evidence.  The Court simply stated that: "Second,

3   July 24th, answers to Interrogatory Eight in detail for those products."  Tr. of Hearing at 18:3-4

4   (Dkt. No. 181)

5   **C.    Volterra's July 24, 2009 Supplemental Responses to Interrogatory No. 8(e).**

6       In response to the Court's Order, Volterra did what it understood the Court had ordered.



13                                                                    (i.e., the '264 Patent, Claim 34

14   ).  *See* Stratakos Decl., ¶ 3; Dolkas Decl., Ex. 6.

21                            .  *See, e.g.,* Dolkas Decl., Ex. 8 at 7-8.

22      In the same time period, Volterra produced the substantial volume of technical documents

23   required under the Court's Order, which also required significant time and resources.  *See*

24   Stratakos Decl., ¶ 5; Morando Decl., ¶ 4 & Ex. B.

25      Volterra's supplemental response were not "boilerplate" responses, as Defendants suggest.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                - 8 -                CONTAINS HIGHLY CONFIDENTIAL
                                                                                        INFORMATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17      To the extent that Defendants argue that the July 24, 2009 supplemental responses were

18  not in a chart format, this elevates form over substance.  The responses did go through each

19  element for each claim in the same sequence of the claim language.  Indeed, Defendants

20  demonstrated that the substance of these responses can be easily understood and translated into a

21  chart format if that is preferred

22

23      **D.**   **Defendants Made No Meaningful Effort To Meet And Confer Regarding Any
            Perceived Inadequacies In Volterra's July 24, 2009 Supplemental
24          Interrogatory Responses And Filed This Motion Without Any Prior Notice
            Many Months After Entry Of The Court's Order.**

25      Defendants filed the instant motion with no prior warning and without making a good

26  faith effort to meet and confer with Volterra.  Moreover, in their Motion, Defendants wrongly

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 9 -          CONTAINS HIGHLY CONFIDENTIAL
                                                             INFORMATION

1    assert that "Plaintiff has steadfastly insisted that it has no further obligation to respond to

2    Interrogatory No. 8." Dolkas Decl., ¶ 9. This is untrue.

3         Defendants made conclusory statements in an August 19, 2009 email that Volterra's

4    supplemental response did not provide all of the information required. Volterra immediately

5    responded to this inquiry by email on August 25, 2009 and asked Defendants to explain the

6    reasons they believed Volterra's response to Interrogatory No. 8(e) was deficient. Morando

7    Decl., Ex. C. Volterra's August 25, 2009 email also confirmed its then understanding of what it

8    understood was required by the Court by stating:

> Your August 19 email raises for the first time an issue with regard
> to the adequacy of Volterra's supplemental answer to subpart (e) of
> interrogatory No. 8 which, consistent with the discussions at the
> July 13 hearing, was served on July 24. . . .Please explain what you
> mean given that this supplemental answer provides well over 100
> pages of detailed descriptions on a product by product basis and on
> a claim by claim basis for each of the products that Volterra
> contends practice the asserted claims at issue. This is exactly what
> Judge Spero asked for and Volterra has complied with it when it
> provided these answers on July 24. ***Please explain specifically in
> what manner, for what specific products and for what specific
> claims you contend that Volterra has not provided the
> information directed by Judge Spero.***

16   *Id.* at C (emphasis added and in original).

17        When Volterra did not receive any explanation in response, Volterra sent another email on

18   September 16, 2009 again asking Defendants to explain why they believed Volterra's

19   supplemental interrogatory response failed to provide what was required by the Court's Order.

20   Morando Decl., Ex. D. In that email, Volterra stated:

> Notwithstanding the request in our August 25 email, your email
> below does not respond to our inquiry, providing nothing further
> than the conclusory accusation that the description provided is a
> "boilerplate response." Subpart (e) of Interrogatory No. 8 to which
> Volterra has responded asks for a description of the manner in
> which the product practiced or practices the asserted claim. ***Please
> explain explicitly why you believe Volterra's response has failed
> to do this so that we can understand your position.***

*Id.* at D.

26        Once again, Defendants did not respond to Volterra's inquiry and did not provide any

27   explanation as to why Volterra's 127-page supplemental response did not provide all that was

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 10 -          CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

required.  Morando Decl., ¶ 7.  Indeed, during the next six months, from September 16, 2009 through March 31, 2010 when Defendants filed the instant Motion without prior notice, Defendants did not say anything further about any alleged inadequacy in Volterra's supplemental response to Interrogatory No. 8(e).  *See id.*.

**E.     After Defendants Filed This Motion, Volterra Again Attempted to Obtain Clarity On What Further Information Defendants Needed.**

After the instant Motion was filed, the Court ordered counsel for the parties to meet and confer in person about various discovery issues, including the instant Motion.  *See* Dkt. No. 758. At an in-person meet and confer session at the courthouse on April 12, 2010, Volterra asked Defendants once more what information Defendants believed was lacking in Volterra's July 24, 2009 supplemental response to Interrogatory No. 8.  Morando Decl., ¶ 8.  During the meeting, Defendants conceded that they could identify only two elements in the asserted claims that could reasonably be the subject of any dispute:  (1) the alternating pattern of "doped regions" limitation, and (2) the alternating pattern of "metalized pads" limitation.  *Id.*  In order to resolve the matter, Volterra proposed providing additional information for these two elements for a limited subset of Volterra's 82 products in a supplemental response to Interrogatory No. 8(e).  *Id.*  Defendants indicated that they were amenable to this resolution and the parties agreed to alter the briefing schedule on this motion.  *Id.*

Volterra followed up the next day by confirming the parties' discussions at the courthouse and with a specific proposal to provide Defendants with the information they said they wanted at the meet and confer session.  Morando Decl., ¶ 9 & Ex. E.  However, at the end of the day on April 14, counsel for Defendants responded to Volterra's proposal and backtracked from their position at the in-person meet and confer.  Defendants took the position that Volterra should be required to identify evidence to ***each*** limitation of each of the asserted claims.  *Id.*, ¶ 10 & Ex. F.

**F.     Volterra Is Preparing Supplemental Responses In Compliance With The Guidance Provided By The Court At The May 7, 2010 Hearing.**

At the May 7 hearing on various discovery issues, the Court provided Volterra with guidance as to what it intended was required by the  July 15, 2009 Order, indicating that Volterra needed to identify and cite to the evidence demonstrating the existence of the individual claim

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - 11 -                    CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

1    elements in each of Volterra's products.  Having now received that guidance, Volterra is working

2    very hard and at great expense to provide further supplemental responses which identify the

3    specific structures and the evidence that demonstrates those structures for each of its products that

4    practice any of the asserted claims of the Burstein patents and to also present that information in

5    chart format.  While this is an enormous undertaking, Volterra expects to be able to provide these

6    supplemental responses along with the supporting evidence attached as exhibits to the response

7    before the hearing on this Motion.

8         At the May 7 hearing, the parties discussed whether Volterra should have to point to

9    specific evidence for each and every element of each asserted claim.[1]  In response to the Court's

10   inquiry, Defendants' counsel admitted that there was actually only a narrow subset of elements

11   which were not readily agreed to by the parties.  Tr. of Hearing at 59:18-21 ("THE COURT:  But

12   his point was, isn't it true that there is actually a narrow subset where it's not readily agreed upon

13   by the parties?  MR. FOSTER:  I think that's probably right") (Dkt. No. 802).  Defendants further

14   acknowledged that the only elements in dispute were the same two elements that they identified at

15   the April 12 meet and confer session —the alternating pattern of doped regions element and the

16   alternating pattern of metalized pads element.  *Id*. at 60:4-10.  Defendants' counsel asked to have

17   until the following Monday to consider whether there might be any other elements that would fall

18   into the same category.  *Id*. at 60:10-13, 20-22.  The Court agreed and stated:

19        So let's say that by Monday you were going to get to them --
          defendants will get to the plaintiffs.  If there is an additional
20        element or two that you reasonably think are problematic with
          respect to whether or not these 82 devices practice the patents,
21        you'll identify those elements to the plaintiffs.

22        And my suggestion for a result is that if there is a list like that of
          two or three or four elements that you agree just to give them
23        chapter and verse, give them exactly where in the documents,
          exactly what structure.
24
     Tr. of Hearing at 61:7-16 (Dkt. No. 802).
25
26        Rather than identifying an additional claim element or two for a total of three or four

27   claim elements needing supplementation, however, Defendants once again backtracked from their

     _____

28   [1] The Court was clear at the May 7, 2010 that Volterra is required to respond as to each of its
     products.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                - 12 -              CONTAINS HIGHLY CONFIDENTIAL
                                                                        INFORMATION

1   agreement.  When Defendants finally responded to Volterra on Tuesday afternoon the following

2   week, they presented a veritable laundry list of additional claim elements.  Morando Decl., Ex. G.

3           Regardless of Defendants' constantly fluctuating position, Volterra is working earnestly

4   and quickly to prepare and provide further supplemental responses in compliance with the Court's

5   direction and guidance for each of its products that practice any of the asserted claims of the

6   Burstein patents.  The supplemental responses will be presented in chart format, and will include

7   identification of the evidence demonstrating the existence of the specific structures or claim

8   elements in Volterra's products.  This work is currently projected to be completed on or around

9   June 1, which is the date that Defendants proposed in their May 11 email, and will certainly be

10  completed prior to the hearing on the present motion.  Volterra will provide a copy to the Court at

11  the same time it serves Defendants to demonstrate its compliance with the Court's direction.

12  **IV.    RULE 37 SANCTIONS, INCLUDING PRECLUSION OF EVIDENCE, SHOULD
           BE REJECTED**

13          Defendants' Motion requesting that Volterra be barred from arguing in this case that its

14  products practice the inventions of the Burstein patents should be denied.  "As an initial matter, it

15  should be noted that on the menu of sanctions that a court may select from in applying Rule 37,

16  preclusion of evidence is among the most severe."  *Network Appliance, Inc. v. Bluearc Corp.*,

17  2005 U.S. Dist. LEXIS 16726, *8-9 (N.D. Cal. June 27, 2005).  As a result, a reasonable effort to

18  respond to a court order is sufficient to warrant denial of a request for sanctions under Rule 37.

19  *Id.* at *10.  Furthermore, "[e]xclusion sanctions based on alleged discovery violations are

20  generally improper absent undue prejudice to the opposing side."  *Amersham Pharmacia Biotech,*

21  *Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) (*citing Wendt v. Host Int'l, Inc.*,

22  125 F.3d 806, 814 (9th Cir. 1997)).

23          Volterra initially reasonably responded to the Court's July 15, 2009 Order by providing

24  supplemental responses responding to Interrogatory No. 8(e) and set forth its contentions

25  regarding the existence of the specific structures in each commercial embodiment that

26  corresponds to elements of the asserted claims at issue.  Volterra acted in good faith on its

27  understanding that the Court's Order did not require Volterra to go beyond the literal language of

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - 13 -                    CONTAINS HIGHLY CONFIDENTIAL
                                                                                          INFORMATION

the interrogatory to identify and cite to specific evidence demonstrating where the each element was found in each product.  Having obtained guidance from the Court at the May 7, 2010 hearing that the Court intended to require Volterra to also identify the evidence that demonstrates the existence of the specific structures or claim elements, Volterra is now providing that information as quickly as possible.  Defendants' own failure to conduct a meaningful meet and confer to specify and request what evidence they believed was required highlights the lack of *any* prejudice to them at this juncture.  Accordingly, Defendants' Motion should be denied.

### A.   **Preclusion of Evidence that Volterra Practices Its Patents Would Severely Prejudice to Volterra's Position.**

The sanctions sought by Defendants—preclusion of the fact that Volterra practices its patents—would severely prejudice Volterra's case and ability to respond to Defendants' contentions regarding the validity of the Burstein patents.  Defendants contend here that the Burstein patents are invalid due to obviousness based combinations of various prior art references.  Prior to reaching a conclusion on obviousness, however, evidence of objective indicia (otherwise referred to as secondary considerations) must have been reached.  *See Demaco Corp. v. Von Langsdorff Licensing, Inc.*, 851 F.2d 1387, 1391 (Fed. Cir. 1988).  Indeed, "evidence of secondary considerations may often be the most probative and cogent evidence in the record.  It may often establish that an invention appearing to have been obvious in light of the prior art was not."  *Id.* (*citing Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1983).  Such objective indicia of nonobviousness can include for example, evidence of the commercial success of the patent holder's own products which practice the claimed invention.  *Id.* "A prima facie case of nexus is generally made out when the patentee shows both that there is commercial success, and that the thing (product or method) that is commercially successful is the invention disclosed and claimed in the patent."  *Id.* at 1392; *Tec Air, Inc. v. Denso Mfg. Michigan Inc.*, 192 F.3d 1353, 1361 (Fed. Cir. 1999).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS

- 14 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

. This evidence demonstrates the unique, novel, and nonobvious nature of the inventions in the Burstein patents that are practiced in Volterra's products. Depriving Volterra from asserting that its products practice the Burstein patents would result in severe prejudice to Volterra in its ability to respond to Defendants' claim that the inventions of the Burstein patents are obvious, assuming Defendants are able to make a *prima facie* showing.

**B.    Volterra's Responses To Portions Of Interrogatory No. 8 Other Than Interrogatory No. 8(e) Are Not At Issue**

Defendants' Motion argues that Volterra should be barred from putting on evidence that its products practice the inventions of the Burstein patents because Volterra failed in its July 24, 2009 supplemental interrogatory responses to provide any response at all to subpart (b) of Interrogatory 8 and to the first subpart of subpart (e) of Interrogatory No. 8. Mot. at 10-11. However, this was simply not required by the Court's July 15, 2009 Order, as Defendants have themselves acknowledged. *See* Morando Decl., Ex. I (confirming that "no further response is needed with respect to the 'tape out date' or the 'nature, history and timing of the design and development'").

As noted above, in Section III.A., *supra*, Defendants withdrew Interrogatory No. 8(b) and the portion of 8(e) that requested that Volterra detail the "nature, history and timing of the design and development" as to each of its commercial embodiments prior to the July 13, 2009 hearing. *See* Jt. Ltr. at 9, filed Jul. 2, 2009 (Dkt. No. 96). The record on this issue in the transcript from the Court hearing is clear. *See* Tr. of Hearing at 3:5-10 ("Q. [A]m I right, the only issue in dispute is whether they should describe and Plaintiffs describe in detail the manner in which these, whatever they are, 81 products practice the invention? Ms. Elson:  Correct, your honor, that latter half of section e.") (Dkt. No. 181).

Although the Court's Order required Volterra to provide responses to the "remaining portions" of Interrogatory No. 8, Volterra did not provide responses to 8(b) and the "nature,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - 15 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

1   history and timing" portion of 8(e), since Defendants had withdrawn those portions of the

2   interrogatory prior to the discovery hearing.  *See* Jt. Ltr. at 9 (Dkt. No. 96).  Defendants never

3   disputed Volterra's understanding of this agreement resulting from the parties meet and confer

4   discussions.  In fact, this issue was never raised in any of the subsequent meet and confer

5   communications between the parties regarding Interrogatory 8(e) or the production of layout plots

6   regarding Volterra's commercial embodiments.  *See* Dolkas Decl., Ex. 7.  Defendants nonetheless

7   added it to their Motion and represented to the Court that Volterra's response was deficient even

8   though the record is clear that they had withdrawn and did not submit any issue with respect to

9   these subparts of Interrogatory No. 8 to the Court at the July 13, 2009 hearing.

10         While Defendants have now withdrawn this contention and implicitly conceded that there

11  was no basis for this portion of their Motion (*see* Morando Decl., Ex. I), Defendants' attempt in

12  their Motion to move for preclusion on withdrawn portions of Interrogatory No. 8 highlights their

13  intention to sandbag Volterra with their Motion and waste resources by seeking to have Volterra

14  supplement their interrogatories with information that Defendants themselves do not need.

15         **C.      Defendants Have Not Suffered Any Prejudice Due To Any Alleged**
           **Deficiencies In Volterra's Response To Interrogatory No. 8(e)**
16

17                 1.      Because the Information Sought By Interrogatory No. 8(e) Has Been
                          Available to Defendants, Defendants Have Not Suffered Any Prejudice.

18         Defendants have not suffered any prejudice.  Volterra has repeatedly offered the

19  information Defendants complain that Volterra failed to provide in response to Interrogatory No.

20  8(e) in numerous forms.  In particular, Volterra has offered repeatedly to make its product design

21  database available for Defendants' review and inspection.  Volterra has also produced final

22  design review documents, schematics, datasheets, and the large layer plots requested by

23  Defendants for each of its 82 commercial embodiments to the extent they exist.[2]  *See* Morando

24  Decl., Ex. B.  Accordingly, Defendants have had ample opportunity to take discovery as to how

25  Volterra contends it practices its patents.

26

27
_____
28  [2] Volterra did not provide layout plots or schematics for the VT201A because these were
    apparently lost in a computer crash many years ago and therefore, no longer exist.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR                    CONTAINS HIGHLY CONFIDENTIAL
PRECLUSION / CASE NO. CV-08-5129 JCS          - 16 -            INFORMATION

1    Defendants' reliance on *Nike Inc. v. Wolverine World-Wide, Inc.*, 43 F.3d 644, 647-49

2    (Fed. Cir. 1994) is misplaced. In that case, the Court ordered the parties to provide full and

3    complete disclosure in response to requests for discovery. *Id.* at 648. Although the defendant

4    sought the plaintiff's theory of infringement under the doctrine of equivalents, the plaintiff never

5    provided it during fact discovery and only began to investigate the doctrine of equivalents ***after***

6    close of discovery. *Id.* The Court rejected Nike's contention that it should be able to assert a

7    claim under the doctrine of equivalents after close of fact discovery since the plaintiff could have

8    simply delayed filing suit until its factual investigation was completed. *Id.* at 649.

9    Unlike *Nike*, this is not a case where Defendants have not been given access to the

10   information they seek. Rather, Defendants have had ample opportunity to take discovery relating

11   to Volterra's contention that it practices its patents, have had Volterra's prior detailed response to

12   Interrogatory 8(e) since July 2009, and will be receiving Volterra's supplemental response setting

13   forth Volterra's contentions in claim chart format with citations to specific supporting evidence

14   before the hearing on this Motion, prior to the close of fact discovery.

15   Indeed, Defendants' failure to meet and confer and specify what further information is

16   needed highlights that Defendants have not suffered any prejudice. Volterra has repeatedly asked

17   Defendants to state what further information they felt was needed in response to Interrogatory No.

18   8(e). Morando Decl., Exs. C- D. For nearly six months, there was no response from Defendants

19   until the filing of this Motion—which does not seek information, but rather only preclusion. It

20   was not until the Court ordered April 12 in person meet and confer at the courthouse that

21   Defendants identified the further evidence they said they needed, and this was limited to just two

22   claim elements. *See* Morando Decl., ¶ 8. At the May 7, 2010 discovery hearing, after specific

23   inquiry by the Court, the Defendants again conceded that they could only identify two elements

24   as to which there was not ready agreement. Tr. of Hearing at 61:7-12 (Dkt. No. 802). In yet

25   another example of gamesmanship, however, Defendants backtracked yet again after the May 7,

26   2010 hearing and sent a lengthy demand that did not identify another one or two elements, as the

27   Court indicated, but provided a long laundry list of elements without providing any justification.

28   Morando Decl., Ex. G.

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS
- 17 -
CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

1    Defendants' failure to respond to Volterra's inquiries to identify what information they

2  contend was needed by them at any point between July 2009 and the April 12, 2010 meet and

3  confer and their inability to point to anything other than two additional claim elements as to

4  which there was any real need for additional discovery show that Defendants have suffered no

5  prejudice here.  Moreover, to the extent that Defendants do truly need Volterra to identify the

6  evidence that demonstrates that the elements of the asserted claims are in Volterra's products,

7  they will have that by the hearing on this Motion.

8           2.      Volterra Has At All Times Acted In Good Faith Here.

9           Until the Court clarified its Order on May 7, Volterra did not understand the Court's July

10  15, 2009 Order to require that Volterra identify and cite to specific evidence in providing a further

11  response to Interrogatory No. 8.  As noted above, the literal language of Interrogatory No. 8 does

12  not ask for such information.  Rather, the applicable portion of Interrogatory No. 8(e) requests

13  that Volterra "DESCRIBE IN DETAIL" the manner in each commercial embodiment practices

14  the asserted claim and does not state that evidence or documents demonstrating this are to be

15  identified. Dolkas Decl., Ex. 1 at 6-7.  Similarly, the definition of "DESCRIBE IN DETAIL"

16  does not mention identifying evidence or documents and only requests that the respondent "state

17  and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act,

18  omission, event, date, and/or legal contention pertaining to the matter(s) inquired of." *Id.* at 3.

19  The Court's July 15 Order only states that Volterra is to "provide full and complete answers to

20  Interrogatory Number 8(e)." Dkt. No. 180.  As discussed above, while there was considerable

21  dialogue and argument at the July 13 hearing transcript, Volterra did not understand from this

22  discussion and exchange that identification of evidence was being ordered.  *See* Tr. of Hearing at

23  17:12-18:4 (Dkt. No. 181).

24           Volterra's further amended response to Interrogatory No. 8(e) is also reasonable when

25  considered in the context of the abbreviated time period for providing the response after the July

26  13 hearing.  Volterra served its responses just eleven days later. ███████████████████

27  ████████████████████████████████████████████████████████████

28  ████████████████████████████. *See* Stratakos Decl., ¶¶ 2-4.  At the same time,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS

- 18 -

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION

1   Volterra produced layer plots, schematics, and design review documents for each commercial

2   embodiments.  *See* Section III.C, *supra*.  Volterra acted in good faith in providing its July 24

3   interrogatory response.

4               3.      Defendants' Reliance On Fed. R. Evid. 403 Is Misplaced.

5          To the extent that Defendants assert that Federal Rule of Evidence 403 independently

6   serves as a basis for excluding Volterra from asserting that it practices its patents, *see* Mot. at 13,

7   Defendants' analysis is misplaced.  Analysis of the relevance of this material, balanced against

8   any alleged prejudice, is an inquiry to be made in the context of Motions in Limine submitted

9   once the parties have a better understanding of the issues to be tried before a jury.  For example,

10  Defendants have effectively conceded infringement, *see* Tr. of Hearing at 3:13-14 (Dkt. No. 181),

11  thereby minimizing the risk of any product-to-product comparison.  And, as Defendants

12  implicitly concede, *see* Mot. at 12-13, the commercial success of Volterra's products that practice

13  the inventions of the Burstein patents is highly relevant to the issue of nonobviousness of the

14  Burstein patents.  There is no basis for precluding Volterra from asserting it practices its patents

15  based on alleged prejudice to Defendants under FRE 403.

16  **D.     Based on the Court's Comments at the May 7, 2010 Hearing, Volterra Is In
         The Process Of Further Supplementing Its Response to Interrogatory No.**

17  **8(e).**

18         Based on the Court's statements at the May 7 hearing, Volterra now understands that the

19  Court intended to require Volterra to identify the evidence demonstrating the existence of the

20  specific structures or claim elements for each of the 82 products it asserts practices the asserted

21  claims of the Burstein patents.  With that clarification from the Court, Volterra is currently

22  preparing a further supplemental response to Interrogatory No. 8(e).  Volterra's response will

23  provide in a claim chart format, for each of its 82 power stage products, identification of the

24  evidence showing the specific structures or claim elements in Volterra's products.  Volterra's

25  further responses will attach as exhibits images from Volterra's technical database and citations to

26  other documents and evidence as appropriate.  Volterra has committed the necessary resources to

27  accomplish this significant undertaking such that it expects to have this completed by June 1 as

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 19 -          CONTAINS HIGHLY CONFIDENTIAL
                                                             INFORMATION

1   requested by Defendants, or at least before the hearing on this Motion. *See* Morando Decl., Ex.

2   H.

3   **V.    VOLTERRA HAS COMPLIED FULLY WITH PATENT L.R. 3-1(G)**

4            Defendants' request for sanctions under Patent L.R. 3-1(g) is wholly misplaced.  Patent

5   L.R. 3-1(g) requires that where a party claiming party infringement asserts it practices the

6   claimed invention, "the party shall identify, separately for each asserted claim, each such

7   apparatus, product, device, process, method, act, or other instrumentality that incorporates or

8   reflects that particular claim."

9

10

11

12

13            Defendants have not made any showing that identification by product family is

14   insufficient.  Nor have they shown any prejudice due to Volterra's identification, in its Patent

15   L.R. 3-1(g) disclosures, of product families.  Moreover, Volterra identified each of the specific

16   products in its response to Interrogatory No. 8 and identified the particular claims asserted in the

17   preliminary injunction proceedings that each product practices.  Dolkas Decl., Ex. 6.  Defendants

18   have had this information for nearly a year.

19            The case cited by Defendants, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

20   F.3d 1355, 1366-68 (Fed. Cir. 2006), does not support their position.  That case involved a

21   patentholder's failure to diligently move to amend its infringement contentions after it became

22   aware of how Defendants' product operated.  *Id.* at 1367.  While the patentholder in *O2 Micro* did

23   not attempt to amend its infringement contentions until shortly before providing expert reports,

24   thereby depriving the defendant of adequate notice, *O2 Micro*, 467 F.3d at 1361, Defendants have

25   known throughout the course of this litigation that Volterra intends to rely on the fact that

26   Volterra practices its patents as well as the identity of each of those products.  *See, e.g.*, Dolkas

27   Decl., Ex. 3; Mot. for Prelim. Inj. at 3-4, filed Jul. 10, 2009, Dkt. No. 102.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS                    - 20 -                    CONTAINS HIGHLY CONFIDENTIAL
                                                                                                         INFORMATION

1   Moreover, except for the filing of their Motion, Defendants have never requested that

2   Volterra amend its infringement contentions to include the list of 82 commercial embodiments

3   listed in Volterra's interrogatory response.  Because Defendants never brought this issue to

4   Volterra's attention and Defendants have failed to identify any prejudice on these grounds,

5   Defendants' Motion should be denied.  *See Sun Microsystems, Inc. v. Network Appliance, Inc.*,

6   2010 U.S. Dist. LEXIS 14842 at *19-20 (N.D. Cal. Feb. 19, 2010) (rejecting procedural grounds

7   for Defendants' Motion for Summary Judgment based on alleged deficiencies in the

8   patentholder's infringement contentions because the defendants never raised the issue prior to

9   their filing of a motion for summary judgment and there was no prejudice to defendants).  Had

10  the issue of whether Volterra's listing of its commercial embodiments in its Patent L.R. 3-1

11  disclosures been of real concern to Defendants, they could certainly have raised this issue with

12  Volterra at any point prior to filing this Motion.

13      Defendants' Motion on the basis of any alleged deficiencies in Volterra's Patent L.R. 3-

14  1(g) should therefore be rejected.  To the extent Defendants maintain that a list of the 82

15  individual products that practice Volterra's patents is necessary, in addition to the list of the

16  product families already provided in Volterra's infringement contentions and to the list of each of

17  the 82 products already provided in Volterra's response to Interrogatory No. 8, Volterra

18  respectfully requests leave to amend its infringement contentions to provide the list as set forth in

19  response to Interrogatory No. 8.

20  **VI.**   **CONCLUSION**

21      For the reasons stated above, Defendants. Motion should be denied.

22

23  Dated:  May 21, 2010               FARELLA BRAUN & MARTEL LLP

24

25  By:   _____/s/ James W. Morando_____
                                      James W. Morando

26                                    Attorneys for Plaintiff VOLTERRA
                                      SEMICONDUCTOR CORPORATION
27

28

23666\2222107.6

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPPOSITION TO DEFS.' MOTION FOR
PRECLUSION / CASE NO. CV-08-5129 JCS          - 21 -          CONTAINS HIGHLY CONFIDENTIAL
INFORMATION