James W. Morando (State Bar No. 087896)
    jmorando@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
    jfisher@fbm.com
June T. Tai (State Bar No. 226997)
    jtai@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
VOLTERRA SEMICONDUCTOR
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMARION, INC., a Delaware corporation, INFINEON TECHNOLOGIES AG, a German corporation, and INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. CV-08-5129 JCS<br><br>**REDACTED** PLAINTIFF VOLTERRA SEMICONDUCTOR CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY BASED ON PRIOR ART REFERENCES AND ON-SALE BAR ALLEGATIONS NOT DISCLOSED IN DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS, OR, IN THE ALTERNATIVE, TO PRECLUDE DEFENDANTS FROM RELYING UPON UNDISCLOSED PRIOR ART AND ON-SALE BAR ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br>[MSJ NO. 3]<br><br>Date:   October 29, 2010<br>Time:   1:30 p.m.<br>Dept:   Courtroom A, 15th Floor<br>Judge:  Honorable Joseph C. Spero<br><br>Complaint Filed:  November 12, 2008<br>Trial Date:       January 31, 2011<br><br>**PARTIALLY FILED UNDER SEAL** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

23666\2342336.2

1  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2  NOTICE IS HEREBY GIVEN that on October 29, 2010 at 9:30 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom A, 15th Floor, pursuant to Fed. R. Civ. P. 56, plaintiff Volterra Semiconductor Corporation ("Volterra") will and hereby does move this Court for partial summary judgment that U.S. Patent Nos. 6,278,264 and 6,462,522 ("'264 Patent" and "'522 Patent") are not invalid under 35 U.S.C. §102 or §103 based on any prior art references or invalidity theories that were not disclosed in Defendants' First Amended Invalidity Contentions ("FAIC"). Volterra further will and hereby does move this Court for an order striking any portion of Defendants' expert reports that rely on prior art references not disclosed in their FAIC and precluding Defendants from introducing any undisclosed reference or invalidity theories in summary judgment proceedings or at trial.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Combined Declaration Jeffrey M. Fisher ("Comb. Fisher Decl."), all pleadings and papers filed in this action, and any other evidence or argument presented by counsel to the Court.

Dated: August 20, 2010                                FARELLA BRAUN & MARTEL LLP


By:  /s/ June T. Tai
     June T. Tai

Attorneys for Plaintiff
VOLTERRA SEMICONDUCTOR CORPORATION

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO
INVALIDITY RE UNDISCLOSED PRIOR ART CV-
08-5129 JCS

- 2 -

23666\2342336.2

## I. INTRODUCTION

After the close of fact discovery, Defendants Primarion, Inc., Infineon Technologies AG, and Infineon Technologies North America Corporation (collectively "Defendants") served expert validity reports from Drs. Richard Fair and Philip Garrou that relied upon 48 previously undisclosed prior art references and 3 new obviousness combinations. Concurrently, after the Court ordered the Defendants to supplement their interrogatory responses, Defendants stated for the first time on the last day of discovery that Volterra's activities with Amkor Technology and Smartflex Technology constituted a sale or offer for sale that barred patentability ("on-sale bar theories"). These prior art references and on-sale bar theories were not disclosed in Defendants' original or First Amended Invalidity Contentions.

Defendants' sandbagging violates the Patent Local Rules and has prejudiced Volterra's ability to prepare its case for trial. Given that the Defendants failed to include these prior art references and on-sale bar theories in their initial or amended Invalidity Contentions, Defendants should not be permitted to rely upon these new references at summary judgment or trial. Volterra therefore respectfully requests the Court grant partial summary judgment of no invalidity based on these previously undisclosed references, obviousness combinations, and on-sale bar theories. Volterra further requests that the Court strike any portion of Defendants' expert reports that rely upon these undisclosed prior art references and obviousness combinations. In the alternative, Volterra requests that the Court preclude Defendants from introducing any undisclosed reference or invalidity theories in summary judgment proceedings or at trial.

## II. STATEMENT OF FACTS

Volterra brought this action on November 12, 2008.[1] On July 6, 2009, Defendants served their Patent L.R. 3-3 Invalidity Contentions. Five months later, Defendants moved to amend their invalidity contentions to include additional invalidity theories based on lack of compliance with 35 U.S.C. §112, public use, and offer for sale. Dkt. No. 556. On December 18, 2009, the Court held a hearing on Defendants' motion for leave to amend. In granting Defendants' request for leave to amend, the Court specifically ordered the Defendants not be allowed to further expand

---

[1] The Patent Local Rules published in March 2008 therefore apply to this case.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO
INVALIDITY RE UNDISCLOSED PRIOR ART CV-
08-5129 JCS

1

23666\2342336.2

their invalidity contentions:

> MS. TAI: I think the main thing right now is that we want it to be very clear that *defendants should not be allowed over and over to just keep expanding the case and turning around and finding new material that they want to add in.*
>
> THE COURT: *Okay. I'll order that.* But, you know, that goes almost without saying. These three -- and that's a fair point, and I -- it -- it is actually the only reason I took the motion -- the opposition to the motion quite seriously is that I do -- is that I do understand the virtue in having an end to the -- I hesitate to call it, but the games people play with claims constructions, the strategizing people do on claim constructions.

Hr'g Tr. 4:11-22, Dec. 18, 2009 (Dkt. No.605) (emphasis added). Four days after the hearing, Defendants served their First Amended Invalidity Contentions ("FAIC") totaling 729 pages notwithstanding exhibits. First Amended Invalidity Contentions, Comb. Fisher Decl., Ex. 39.

After the close of fact discovery, Defendants served two opening and two reply expert invalidity reports from Drs. Richard Fair and Philip Garrou on June 28, 2010 and July 26, 2010, respectively. Despite the Court's clear instruction at the 12/18/09 hearing precluding Defendants from further expanding their case, Defendants' expert reports reference and rely upon 48 prior art references and 3 obviousness combinations that were not disclosed in the First Amended Invalidity Contentions ("FAIC"). Among their new contentions is an obviousness combination based on U.S. Patent No. 5,959,442 (Hallberg) in view of U.S. Patent No. 5,777,383 (Stager) in further view of the knowledge of one having ordinary skill in the art of conventional CMOS design and processes. 6/28/10 Fair Open. Inv. Report at 74 & App. B-13, Comb. Fisher Decl., Exs. 31 & 111. Defendants have not provided any reason why they could not have discovered the '442 Hallberg and '383 Stager references from the beginning of the case; indeed, both references are listed on the face of the Burstein Patents ('264 Patent & '522 Patent, Comb. Fisher Decl., Exs. 1 & 2).

In addition, on the last day of discovery, Defendants "supplemented" their responses to Volterra's contention interrogatory to identify two new on-sale bar defenses for the first time. Defendants' new on-sale bar defenses totaled one sentence, stating that the ███████████

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

2

23666\2342336.2

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g.*, 6/18/10 Primarion's Third Supplemental Response to Volterra's Rog 14 at 8:1-4 & 9:23-26, Comb. Fisher Decl., Ex. 28. Defendants did not identify *any* witnesses or *any* documents relating to this "new" defense. *Id.* The allegations concerning Amkor and Smartflex were not disclosed in the FAIC, as required. *See* FAIC at 5:26-7:15; 14:27-16:16, Comb. Fisher Decl., Ex. 39. Nor did Defendants ever seek leave of Court to add this new defense, as also required pursuant to Patent L.R. 3-6. Defendants have been aware of Volterra's relationship with Amkor and Smartflex since July 2009 when they deposed both Volterra and third party witnesses about this topic. *See, e.g.*, 7/15/09 Lidsky Dep. at 160:8-9, Comb. Fisher Decl., Ex. 112; Burstein Dep. at 124:16-22; 133:11-20, Comb. Fisher Decl., Ex. 46. Considering that Defendants were first aware of Volterra's relationship with Amkor and Smartflex in July 2009, there is no justification for the Defendants's failure to include the Amkor/Smartflex on-sale bar theories in its December 2009 First Amended Invalidity Contentions. By the same rationale, Defendants have no justification for waiting until the last of discovery to disclose these on-sale bar theories.

Attached as an Appendix to this brief is the complete list of prior art references, obviousness combinations, and on-sale bar theories that were not disclosed in the FAIC, but are now relied upon by the Defendants in their defenses. Summary judgment should be granted as to these new references, combinations and theories. In the alternative, Defendants should be precluded from relying on any of them at summary judgment or trial.

### III. THIS COURT SHOULD GRANT SUMMARY JUDGMENT OF NO INVALIDITY FOR THE PRIOR ART REFERENCES AND ON-SALE BAR THEORIES THAT WERE NOT DISCLOSED IN DEFENDANTS'S FIRST AMENDED INVALIDITY CONTENTIONS.

#### A. There Are No Genuine Issues of Material Fact that Defendants Failed to Disclose 48 References, 3 Obviousness Combinations, and the Amkor/Smartflex On-Sale Bar Allegations in Their First Amended Invalidity Contentions.

The Court implemented its Patent Local Rules to "allow the plaintiff to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

3

23666\2342336.2

(Fed. Cir. 2006). "The [R]ules are designed to require parties to *crystallize their theories of the case early* in the litigation and to *adhere to those theories* once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) (emphasis added). The Court echoed this premise at the December 18, 2009 hearing when it stated "I do understand the virtue in having an end" and warned that Defendants would not be permitted to further expand their case after the December 2009 amendments to the invalidity contentions. *See* Hr'g Tr. 4:19, Dec. 18, 2009 (Dkt. No. 605). "If the parties were not required to amend their contentions promptly after discovering new information, the contention requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *O2 Micro*, 467 F.3d at 1366.[2]

In violation of the Patent Local Rules and the Court's warning, Defendants' opening and reply expert invalidity reports of Drs. Fair and Garrou relied upon 48 prior art references and 3 obviousness combinations in support of their anticipation and/or obviousness theories that were **_never_** disclosed in their FAIC. Similarly, Defendants did not disclose any on-sale bar arguments concerning Volterra's activities with Amkor and Smartflex in their FIAC. Notably, although they clearly knew that leave to amend is required under the Patent Local Rules, Defendants have never sought leave to amend to add any of these new references, combinations and/or theories.

Defendants' tactics should be rejected. The Court has previously granted summary judgment as to validity when an alleged infringer failed to disclose invalidity theories in Patent L.R. 3-3 invalidity contentions. *See ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1215-16 (N.D. Cal. 2008); *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144-LED-JDL, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009) (excluding two prior art references that were not charted or identified on a limitation-by-limitation level in the

---

[2] The importance of abiding by the Patent Local Rules is also frequently extolled in the Eastern District of Texas, where similar patent local rules have been adopted. For instance, Judge Clark of the Eastern District of Texas explained that Patent L.R. 3-3 importantly requires defendants "to submit invalidity charts to provide notice of how each claim element is met." *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-CV-196, 2009 WL 763926, at *4 (E.D. Tex. Mar. 19, 2009). By waiting until the expert reports to disclose 48 references and 3 obviousness combinations, Defendants have avoided this obligation to provide an element-by-element analysis early in the case, depriving Volterra of the opportunity to explore those theories.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

4

23666\2342336.2

invalidity contentions at summary judgment). Because these 48 references, 3 obviousness combinations, and 2 on-sale bar theories were not disclosed in the FAIC, the Court should grant summary judgment of no invalidity based upon any of these references or theories. The Court should further strike any portion of Defendants' expert reports that rely or refer to any of these prior art references and obviousness combinations and preclude Defendants from presenting any evidence at summary judgment or trial on these references or on-sale bar theories.

By failing to disclose these prior art references and on-sale bar theories in the FAIC, Defendants have created and seek to benefit from the undue prejudice upon Volterra. Defendants' sandbagging effectively precluded Volterra from conducting any fact discovery or investigation concerning these new prior art references, obviousness combinations, and on-sale bar allegations. As the Court has warned: "The Patent Local Rules disfavor untimely discoveries that leave the opposing party with little time to conduct discovery on a new theory." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 203 (N.D. Cal. 2009) (denying amendments to invalidity contentions for being untimely). Consistent with this premise, in *ACCO Brands*, Judge Illston granted summary judgment of validity against an alleged infringer, concluding that the defendant "cannot raise new grounds for invalidity now because Local Patent Rule 3-3 bars it from raising new items of prior at this stage in the proceeding [summary judgment]." *ACCO Brands*, 592 F. Supp. 2d at 1223. Similarly here, Defendants failed to disclose 48 prior art references, 3 obviousness combinations, and the Amkor/Smartflex on-sale bar allegations in the FAIC, and they cannot be permitted to raise these new arguments at this late juncture in the case with summary judgment motions pending.

If Defendants intended to rely upon any of these prior art references, obviousness combinations, or the Amkor/Smartflex on-sale bar theories, they were required to seek leave to amend their invalidity contentions pursuant to Patent L.R. 3-6. Defendants are well aware of this requirement, having moved once before to amend their invalidity contentions in November 2009. Patent L.R. 3-6 requires the moving party to demonstrate "good cause" by "proceed[ing] with diligence in amending when new information comes to light in the course of discovery." *O2 Micro*, 467 F.3d at 1366 (analyzing the predecessor local rule on amendments - Patent L.R. 3-7);

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

5

23666\2342336.2

*see also* Patent L.R. 3-6 (Mar. 2008). In addition, the moving party must show there is no undue prejudice to the other party. *Sunpower Corp. Sys. v. Sunlink Corp.*, 2009 U.S. Dist. LEXIS 85425, at *4-5 (N.D. Cal. June 12, 2009). "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *Id.* Summary judgment is warranted here given Defendants' failure to comply with the Patent Local Rules.[3]

There are no genuine issues of material fact that 48 prior art references, 3 obviousness combinations, and the Amkor/Smartflex on-sale bar allegations were not disclosed in the FAIC. The Court should grant summary judgment of no invalidity based on these undisclosed prior art references and on-sale bar allegations as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Volterra respectfully requests the Court grant partial summary judgment that U.S. Patent Nos. 6,278,264 and 6,462,522 are not invalid based upon any prior art references, obviousness combinations, and on-sale bar theories that were not disclosed in Defendants' First Amended Invalidity Contentions. Volterra further requests the Court strike any portion of the expert reports that rely or refer to any of these prior art references and obviousness combinations. In the alternative, Volterra requests that the Court preclude Defendants from presenting any evidence at trial on these references, combinations or on-sale bar theories.

---

[3] Defendants cannot establish that they were diligent in asserting the new prior art and on-sale bar theories. This case has been pending for nearly two years and has featured extensive fact and expert discovery and preliminary injunction proceedings focusing primarily on the validity of the Burstein Patents. Given that fact discovery closed two months ago and the parties are in the midst of summary judgment motions, permitting Defendants to amend their invalidity contentions now would unduly prejudice Volterra. Indeed, Defendants previously argued in their November 2009 motion for leave to amend that "good cause" existed in that instance because "[t]here is ample time to conduct further discovery related to that patent and that particular affirmative defense [public use amendment]." Dkt No. 556 at 3:15-16. That is no longer the case.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REDACTED VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

6

23666\2342336.2

Dated: August 20, 2010                    FARELLA BRAUN & MARTEL LLP


                                          By:    /s/ June T. Tai
                                                 June T. Tai

                                          Attorneys for Plaintiff
                                          VOLTERRA SEMICONDUCTOR
                                          CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

7

23666\2342336.2

# APPENDIX

**Undisclosed Prior Art References**

The following list of prior art references, cited in Defendants' expert invalidity reports and Appendices, were not disclosed by Defendants in the FAIC:

| Undisclosed Prior Art References (35 U.S.C. §§102-103) |
|---|
| U.S. Patent No. 5,959,442 issued to Hallberg and Nguyen |
| U.S. Patent No. 5,777,383 issued to Stager, Yee and Padmanabhan |
| U.S. Patent No. 4,825,284 issued to Soga, et al. |
| U.S. Patent No. 3,429,040 issued to Miller |
| U.S. Patent No. 6,117,797 issued to David R. Hembree |
| U.S. Patent No. 5,767,010 issued to Mis, et al. |
| U.S. Patent No. 3,303,393 issued to Hymes, et al. |
| U.S. Patent No. 5,696,031 issued to Wark |
| July 28, 2000 Office Action in the '264 patent-in-suit prosecution history |
| Ginsberg, Multichip Modules & Related Technologies - MCM, TAB, and COB Design (1994) p. 80 |
| Article entitled "uBGA Design Process" (printed from www.tessera.com/technology/p-design.htm) |
| Baggerman et al, Low-Cost Flip-Chip on Board, IEEE Transaction on Components, Packaging, and Manufacturing Technology - Part B, Vol. 19, No. 4, Nov. 1996, pp. 736-746 |
| Chip-to-package interconnections - Ch. 6, Koopman, Reiley and Totta -1989; pp. 361-453 |
| D.O. Powell and A. K. Trived, "Flip-Chip on FR-4 Integrated Circuit Packaging," Proceedings 43d Electronic Components & Technology Conference, 1993 |
| Giesler, et al., Flip Chip on Board Connection Technology: Process Characterization and Reliability, IEEE Transactions on Components, Packaging, and Manufacturing Technology -Part B - Vol. 17 - No. 3, August 1994, pp. 256-263 |
| Intel - Packaging Databook, 1998 |
| J. Vardaman, TechSearch Int, (1997) p. xxi, p. 111-112, p.124 |
| J-STD-012: Joint Industry Standard - Implementation of Flip Chip and Chip Scale Technology, January 1996, p. 6-7 |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

i

23666\2342336.2

| Undisclosed Prior Art References (35 U.S.C. §§102-103) |
|---|
| K De Haven et al, "C4 - An Enabling Technology", Proceed 44th Electronic Components & Technology Conf, WDC, (1994) p. 1 |
| Lu et al., Detecting Underfill Delamination and Cracks in Flip Chip on Board Assemblies Using Infrared Microscope, International Microelectronics and Packaging Society - Vol. 21 - No. 3, Third Quarter 1998, pp. 231-236 |
| McGovern et al., Initial Development Work on a High Throughput Low Cost Flip Chip on Board Assembly Process, Proceedings 1997 International Symposium on Microelectronics - SPIE Volume 3235, pp. 284-289 |
| Nakano et al., "Resin-Insertion Effect of Thermal Cycle Resistivity of Flip-Chip Mounted LSI Devices," Proceedings of the 1987 International Symposium on Microelectronics, September 28-30, 1987, Minneapolis, Minnesota, p. 536 |
| National Semiconductor Datasheet for LM2650 Synchronous Step-Down DC/DC Converter, January 1997 |
| National Semiconductor Press Release from September 26, 1996 |
| O'Malley et al., The Importance of Material Selection for Flip Chip on Board Assemblies, IEEE Transactions on Components, Packaging, and Manufacturing Technology -Part B - Vol 17 - No. 3, August 1994, pp. 248-255 |
| R. Brooks et al., Direct Chip Attach - A Viable Chip Mounting Alternative, Proceed. Int. Conf & Exhibition on Multi Chip Modules, Denver, (1993) p. 595 |
| The AMD Fine-pitch Ball Grid Array for Flash Memory |
| Tsukada et al., "Surface Laminar Circuit Packaging," Proceedings 42d Electronic Components & Technology Conference, 1992, p. 22 |
| Tummala et al., Microelectronics Packaging Handbook (1989) |
| Tummala et al., Microelectronics Packaging Handbook: Semiconductor Packaging, Vol. I-III, (1997) |
| Zhang et al., A New Approach to Flip Chip on Board Technology Using SMT Compatible Processes, Microelectronics International, Vol. 16, No. 3, 1999, pp. 39-42 |
| Vestling et al., "Novel high-frequency high-voltage LDMOS transistor using an extended gate RESURF technology," ISPSD '97. 1997 IEEE International Symposium on Power Semiconductor Devices and ICs, pp. 45-8, 1997 |
| Mukherjee et al., "LDMOS and LIGHT's in CMOS technology for power integrated circuits," Inter. Electron Device Meeting, pp. 778-781 (1987) |
| "High-Output Switcher IC Converts 5V to Less Than 3V," Electronics Design, pp. 55-60, June 24, 1996 |
| Article "Technology Drivers" from http://www.circuitree.com/Articles/Feature Article |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

ii

23666\2342336.2

| Undisclosed Prior Art References (35 U.S.C. §§102-103) |
|---|
| /4d93912c4d26b010VgnVCM100000f932a8cO |
| "New Developments in IC Voltage Regulators," Robert J. Widlar, Journal of Solid-State Circuits, February 1971 |
| Putlitz, K. & Totta, P., Area Array Interconnection Handbook, Kluwer Academic Publishers, p.8 (2001) |
| Chip On Board Assembly, MicroSemi Power, (http://www.whiteedc.com/chip-on-board.html) |
| J.S. Corbin, "Finite Element Analysis for Solder Ball Connect (SBC) Structural Design Optimization," IBM J. Res. Devel., 37(5), pp. 585-596, 1993 |
| http://www.flipchip.com/about_us.html (last visited July 20, 2010) |
| Glossary of Terms Used in Electronics: C, p.2. (http://www.ami.ac.uk/courses/topics/0100_gls/glossary/glossc.htm) |
| "IPC-SM-784 Guidelines for Chip-On-Board Technology Implementation" ("IPC-SM-784) (1990) |
| "Electronic Manufacturing and Packaging in Japan," Ch. 4 Sec. 8 of Electronic Manufacturing and Packaging in Japan, p. 1 (1995) (full version of report available at http://www.wtec.org/loyola/ep/) |
| Lord Corporation announces advancements in flip chip underfill technology (2007) |
| Chip-On-Board / Chip-On-Flex / Bare Die Assemblies, Emulation Technologies (http://www.emulation.com/catalog/die/attach.cfm) |
| "Thin Film Multichip Modules," Garrou, et al. (1992) |
| "Multichip Module Technology Handbook," Garrou, et al. (1998), Chapter 12 |
| "Electronic Packaging and Its Influences on Integrated Circuit Design and Processing" by H.K. Charles and G. D. Wagner, which is Chapter 12 from "Handbook of Multilevel Metallization for Integrated Circuits" edited by S.R. Wilson, C.J. Tracy and J.L. Freemen |

**Undisclosed Obviousness Combinations**

The following list of obviousness combinations, cited in the Appendices of Defendants' expert Dr. Fair's invalidity expert report, were **not** disclosed in the FAIC:

| Undisclosed Obviousness Combinations (35 U.S.C. §103) |
|---|
| Stratakos et al., "A Low Voltage CMOS DC-DC Converter for a Portable Battery-Operated System," IEEE (1994) ("Stratakos 1994 Paper") in view of the knowledge of one having ordinary skill in the art of CMOS design and processes: |
| Williams '239 patent |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO INVALIDITY RE UNDISCLOSED PRIOR ART CV-08-5129 JCS

iii

23666\2342336.2

| | |
|---|---|
| **Undisclosed Obviousness Combinations (35 U.S.C. §103)** | |
| Baynes '825 patent<br>Sicard '730 patent<br>Darwish publication (Scaling Issues in Lateral MOSFETs)<br>Stratakos '729 patent<br>Stratakos '790 publication<br><br>*See* 6/28/10 Fair Open. Inv. Report at App. B-12, Comb. Fisher Decl., Ex. 111. | |
| U.S. Patent No. 5,959,442 filed on September 30, 1997 and issued to Hallberg and Nguyen on September 28, 1999 ("Hallberg") in view of U.S. Patent No. 5,777,383 filed on May 9, 1996 and issued to Stager, Yee and Padmanabhan on July 7, 1998 ("Stager") in further view of the knowledge of one having ordinary skill in the art of conventional CMOS design and processes<br>Office Action dated July 28, 2000<br>Williams '239 patent<br>Baynes '825 patent<br>Sicard '730 patent<br>Darwish publication (Scaling Issues in Lateral MOSFETs)<br>Stratakos 1994 Paper<br><br>*See* 6/28/10 Fair Open. Inv. Report at App. B-13, Comb. Fisher Decl., Ex. 111. | |
| U.S. Patent No. 5,959,442 to Hallberg et al. in view of U.S. Patent No. 5,777,383 to Stager et al. further in view of the knowledge of one having ordinary skill in the art of CMOS design and processes<br>Office Action dated July 28, 2000<br>Carey 5,075,965 patent<br>Williams '239 patent<br>Baynes '825 patent<br>Sicard '730 patent<br>Darwish publication (Scaling Issues in Lateral MOSFETs)<br>Stratakos 1994 Paper<br><br>*See* 6/28/10 Fair Open. Inv. Report at App. D-15, Comb. Fisher Decl., Ex. 38. | |

**Undisclosed On-Sale Bar Allegations**

The following on-sale bar allegations were **not** disclosed in the FAIC:

[REDACTED]

6/18/10 Primarion's Supplemental Response to Rog 14 at 8:1-4, Comb. Fisher Decl., Ex. 28.

[REDACTED]

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO
INVALIDITY RE UNDISCLOSED PRIOR ART CV-
08-5129 JCS

iv

23666\2342336.2

1 ██████████████████████████████████████████████
2 ██████████████████████ *Id.* at 9:23-26.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REDACTED** VOLTERRA'S MSJ RE NO
INVALIDITY RE UNDISCLOSED PRIOR ART CV-
08-5129 JCS

v

23666\2342336.2