**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARION, INC., ET AL.,<br><br>Defendants.<br>_____/ | Case No. C-08-05129 JCS<br><br>**ORDERING VACATING JANUARY 31, 2011 TRIAL DATE AND SETTING NEW SCHEDULE FOR CASE** |

Despite admonitions from the Court, there are currently pending twelve summary judgment motions, covering numerous questions relating to Plaintiff's infringement claims and Defendants' invalidity defenses. In connection with those motion, the parties have filed extensive evidentiary objections. The hearing on all of these motions is currently set for November 12, 2010.

In addition, the parallel proceeding in the Patent and Trademark Office is going forward, and on September 27, 2010, the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate ("the Notice"). *See* Docket No. 1174, Ex. A. At the October 4, 2010 Case Management Conference, Volterra suggested that the trial might need to be delayed because the final reexamination certificate, once issued, was crucial evidence that was required to be presented to the jury. Defendants, on the other hand, asserted that the PTO's final decision should not be presented to the jury because that evidence would be confusing to the jury in light of the fact that Volterra advanced arguments in the reexamination proceeding that Defendants contend were inconsistent with the Court's Claim Construction. Rather than delaying the trial, Defendants proposed that this issue be addressed in motions in limine.

Finally, rather than proceed only by motions in limine, on November 2, 2010, Defendants filed a motion for sanctions based on Volterra's conduct in the reexamination proceeding, seeking

dismissal of Volterra's infringement claims and other remedies.  That motion was noticed for hearing on December 10, 2010.

In light of the summary judgment motions, Defendants' sanctions motion, and the PTO's Notice, the Court concludes that the current schedule for the case is no longer tenable.  Accordingly, **the January 28, 2010 trial date is vacated.**  Further, in lieu of the motion hearing set for November 12, 2010, the Court will conduct a status conference to discuss an adjusted schedule for the case.  Counsel who wish to appear telephonically may do so and are requested to contact Karen Hom to make arrangements to appear by telephone.  The Court proposes the following dates for the remainder of the case:

- December 10, 2010     Hearing re Summary Judgment Motions Addressing Infringement, Anticipation, Obviousness and Enablement
- January 21, 2011     Hearing re Summary Judgment Motions Addressing On-Sale Bar, Inequitable Conduct, Undisclosed References and Prior Art References
- December 17, 2010     Plaintiff's Opposition to Defendants' Sanctions Motion Due
- January 14, 2011     Defendants' Reply on Sanctions Motion Due
- March 25, 2011     Hearing on Sanctions Motion (**hearing at 1:30 p.m.**)
- April 22, 2011     Pretrial Conference
- May 9, 2011     Trial (12 day)

IT IS SO ORDERED.

Dated: November 5, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge