UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARION, INC., ET AL.,<br><br>Defendants.<br>_____/ | Case No. C-08-05129 JCS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE OF COURT TO SUBMIT SUPPLEMENTAL EXPERT REPORT OF DR. RICHARD B. FAIR, PH.D. [Docket No. 1236]** |

On February 2, 2011, Defendants requested leave to file a supplemental report by their expert, Dr. Fair. According to Defendants, this additional report is necessary in order for them to address evidence that came to light after Dr. Fair served his reply expert report in connection with the parties' summary judgment motions, on July 26, 2010. In particular, Defendants assert that they should be permitted to submit the report to address the following evidence: 1) layer plots of certain Volterra products that were produced to Defendants on July 27, 2010, August 6, 2010 and August 18, 2010; 2) Volterra's supplemental responses to Defendants' Interrogatory No. 10, served on August 18, 2010; 3) the September 2, 2010 deposition testimony of Dr. Martin Walker; 4) the October 28, 2010 deposition of Dr. David Lidsky; and 5) the reexamination certificates that were issued by the PTO on January 4 and 11, 2011. The Court DENIES Defendants' request.

First, the request is untimely. With the exception of the reexamination certificates, all of the evidence cited by Defendants was received *months* before Defendants sought leave to bring the instant motion. Moreover, much of the evidence cited could have been obtained by Defendants even sooner had they pursued this discovery more diligently. Even more troubling, Defendants did not alert the Court at any time during the scheduling conferences in October and November 2010 that they intended to submit a supplemental report, even though the Court set new trial dates in order to

hear Defendants' sanctions motion. At no time did Defendants give any indication that the trial might need to be rescheduled yet again to accommodate another round of expert reports. As nearly all of the evidence cited by Defendants in support of their request had already been obtained, the Court can only conclude that Defendants intended, at the time of these scheduling conferences, to submit an additional expert report. Yet Defendants did not alert the Court of their intent.

Second, the Court has reviewed the supplemental report of Dr. Fair and finds that a great deal of it is based on evidence that was already in his possession at the time of his earlier reports, such as Volterra's June 2, 2010 supplemental response to Defendants' Interrogatory No. 8. Thus, many of the opinions expressed in the report amount to impermissible attempts to expand on the scope of Dr. Fair's earlier opinions.

Third, to the extent that Defendants assert that the report is required to address the reexamination certificates that issued in January 2011, the Court finds that none of the opinions expressed as to the reexamination proceedings justifies Defendants' delay in requesting leave to file Dr. Fair's supplemental report until February 2011, just over two months prior to the pretrial conference. Dr. Fair's new opinions with respect to the reexamination proceedings mirror the positions taken by Defendants in their sanctions motion, filed in November 2011. They are based on statements made by Volterra in the PTO proceedings in early 2010 and on the NIRCs that issued in September 2010. Thus, Defendants' assertion that they waited to request leave to file the Fair supplemental report until the reexamination certificates issued does not persuade the Court that Defendants should be permitted to submit Dr. Fair's report – or even an excerpt thereof – at this late date. Accordingly, Defendants' request is DENIED.

IT IS SO ORDERED.

Dated: April 5, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

2