UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORP., | Case No. C-08-05129 JCS |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION OF "DOPED REGIONS" [Docket No. 1268]** |
| PRIMARION, INC., ET AL., | |
| Defendants. | |
| | REDACTED VERSION |

On February 18, 2011, Defendants filed a Motion for Leave to File Motion for Reconsideration of the Court's Claim Construction of "Doped Regions" (the "Motion"). For the reasons stated below, the Motion is DENIED.

Civil Local Rule 7-9(b) provides that a party seeking reconsideration of an interlocutory order must show: 1) "a material difference of fact or law exists from what was presented to the Court before entry of the interlocutory order;" or 2) "the emergence of new material facts or a change of law occurring after the time of such order;" or 3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court such interlocutory order." In the Motion, Defendants ask the Court to reconsider the construction of the term "doped regions" it adopted in its February 22, 2010 Claim Construction Order in light of statements made by Volterra in the reexamination proceeding proceedings before the PTO, as well as the conclusions of the Examiner, in connection with the Sicard prior art, which Defendants argue are "new material facts." The Court concludes that neither the statements made by Volterra nor the conclusions of the Examiner are material because they do not affect the Court's construction of the term "doped regions."

1    In the Claim Construction Order, the Court construed "doped region" to mean "a region
2 where an impurity has been introduced into a substrate which changes the semiconductor's electrical
3 properties," while rejecting Defendants' narrower proposed construction, which would have limited
4 "doped regions" to either p+ regions fabricated in an n-type region where the p+ regions form the
5 source regions (or drain regions) of the transistor, or n+ regions fabricated in a p-type region where
6 the n+ regions for the source regions (or drain regions) of the transistor. Claim Construction Order
7 at 28-32. Defendants assert that in the reexamination proceeding, Volterra disclaimed the Court's
8 broad construction of "doped regions" in order to distinguish the Sicard invention by arguing that
9 LMOS transistors do not satisfy this limitation because they contain multiple source regions formed
10 in a single-drain transistor. Further, Defendants argue, the Examiner accepted this distinction in
11 finding that Sicard does not anticipate the claims of the '522 and '264 patents. Having carefully
12 reviewed the materials submitted by Defendants in support of the Motion, the Court concludes that
13 Volterra's arguments in the reexamination are consistent with the position taken before this Court.
14    In the reexamination proceeding, Volterra asserted that the LDMOS transistor in Sicard does
15 not disclose alternating doped regions because it does not disclose any doped regions that alternate
16 with the source connected doped regions depicted as element 30 in Figure 6. In particular,
17 Volterra's expert opined in his reexamination declaration that Figure 6 of Sicard does not disclose
18 any n+ doped regions that would form the drain connection (pick-up) of the transistor. He noted,
19 however, that an n+ region that formed a drain connection (pick-up) of an LDMOS transistor,
20 [REDACTED]                                         , could satisfy the "doped regions" limitation if
21 the drain connected doped regions formed an alternating pattern with source connected doped
22 regions. In advancing this position, Volterra and its expert made clear that "doped regions" are not
23 limited to "source" and "drain" regions but rather, encompass any type of doped region. As a result,
24 Volterra's statements in the reexamination proceeding do not constitute a clear and unmistakable
25 disclaimer as to the scope of the "doped regions" limitations that would exclude *any* LDMOS
26 transistor, as Defendants assert. Rather, Volterra's arguments distinguishing Sicard addressed only
27
28

2

the *specific* LDMOS transistor disclosed in Sicard and were consistent with positions taken by Volterra in connection with the Court's claim construction.

The Motion is DENIED.

IT IS SO ORDERED.

Dated: March 8, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

3