UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VOLTERRA SEMICONDUCTOR CORPORATION,

        Plaintiff,

  v.

PRIMARION, INC., ET AL.,

        Defendants.
_____/

Case No.  C08-05129 JCS

**FINAL PRETRIAL ORDER NO. 2**

On April 28, 2011, a further pretrial conference was held. All counsel were present.

IT IS HEREBY ORDERED THAT:

1. Defendants' combination of Stratakos 1995 Paper in view of Sicard may not be used to show the obviousness of claim 11 of the '522 patent.

2. Sicard may not be used to show the element of "an array of ... pads" or to show the element of "an array of metalized pads". Accordingly, it may not be included in the 6th, 8th, 10th and 12th combinations listed on pages 2-3 of the parties' List of Obviousness Combinations and Prior Art at Issue (the "List") (Docket 1501).

3. No prior art may be used by the Defendants as background or otherwise unless that art is listed in an obviousness combination on which the Court has allowed proof, unless the Defendants make a proffer out of the hearing of the jury and the Court approves the prior art.

4. Notwithstanding the fact that plaintiff has dropped the Ginsberg, TechSearch, and certain other prior art references, Dr. Garrou may testify to the prior art listed in the chart on pages 8 - 17 of the List in rebuttal only to the arguments contained in that chart. He may, accordingly, testify to TechSearch and the other reference in response to the corresponding

arguments. Defendants may introduce these responsive arguments and art in their case in chief with a proper foundation.

5. If Defendants desire to introduce Sicard on any subject, they will need to proffer out of the hearing of the jury the proposed testimony, and demonstrate that it is not contrary to the court's ruling, including the rulings regarding what Sicard does not teach. If testimony on a non-excluded element in Sicard is allowed, plaintiff may cross examine the defense expert on the expert's incorrect reading of Sicard regarding the excluded elements.

6. The plaintiff shall determine whether it seeks to introduce any evidence that the defendants stopped selling the accused devices, and report to the Court before the subject is mentioned to the jury.

IT IS SO ORDERED.

Dated: May 9, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge