**United States District Court**
For the Northern District of California

1
2
3
4
5        UNITED STATES DISTRICT COURT
6        NORTHERN DISTRICT OF CALIFORNIA
7
8  VOLTERRA SEMICONDUCTOR CORP.,              No. C-08-05129 JCS
9              Plaintiff,
10       v.
11 PRIMARION, INC., ET AL.,
12             Defendants.
13 _____/
14
15         **COURT'S PROPOSED FINAL JURY INSTRUCTIONS**
16
17
       DATED: May 19, 2011
18
19
20     _____
       JOSEPH C. SPERO
21     United States Magistrate Judge
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**SUMMARY OF CONTENTIONS**

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions. As I previously told you, Primarion and Infineon argue that claims 26 and 34 of the '264 patent, and claims 9, 11, 16-19, 22, and 24 of the '522 patent are invalid.  Your job will be to decide whether these claims of the '264 and '522 patents are invalid.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

        1.      the sworn testimony of any witness;

        2.      the exhibits which are received into evidence; and

        3.       any facts to which the lawyers have agreed.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

**JURY INSTRUCTION NO. 9**

**USE OF NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 10**

**STIPULATIONS OF FACT**

The parties have agreed or the Court has found that certain facts exist and those facts have been read to you. You are required to treat these facts as having been proved.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 11**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**JURY INSTRUCTION NO. 12**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 13**

**USE OF RESPONSES TO REQUESTS FOR ADMISSION OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written requests for admission submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to requests that were submitted in writing under established court procedures.  The admissions of a party made in response to a request for admission conclusively establish the matters admitted and you must accept them as true.

**JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO 15**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 16**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 17**

**INTERPRETATION OF CLAIMS**

     I have interpreted the meaning of some of the language in the patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issue of invalidity. The decisions regarding invalidity are yours to make. A list of the claim terms that I have interpreted are included at the end of these instructions.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 18**

**INDEPENDENT AND DEPENDENT CLAIMS**

This case involves two types of patent claims:  independent claims and dependent claims. An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claims 9 and 22 of the '522 Patent and Claim 26 of the '264 Patent are each independent claims.

The remainder of the Asserted Claims from the '522 and '264 Patents are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers. Claims 11, 16, 17, 18, and 19 of the '522 Patent "depend on" Claim 9 of that Patent.  Claim 24 of the '522 Patent depends on Claim 22.  Claim 34 of the '264 Patent depends on Claim 26 of that Patent.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 19**

**INVALIDITY – BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether Defendants Infineon and Primarion have proven that Claims 9, 11, 16, 17, 18, 19, 22, and 24 of the '522 Patent and Claims 26 and 34 of the '264 Patent are invalid. Before discussing the specific rules, I want to tell you about the standard of proof that applies to both of Defendants' invalidity defenses, which are obviousness and lack of written description. The standard of proof that applies to these defenses is the "clear and convincing" evidence standard. "Clear and convincing" evidence is evidence which gives rise to an abiding conviction that the truth of the factual contentions are "highly probable." This is a higher standard than the preponderance of the evidence and is used because a patent is entitled to a statutory presumption of validity until it is proven invalid by clear and convincing evidence.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20**

**WRITTEN DESCRIPTION REQUIREMENT**

To meet their burden of proving invalidity for lack of written description the Defendants must show by clear and convincing evidence that the patent does not contain an adequate written description of the claimed inventions. The purpose of this written description requirement is to make sure that a patent describes the claimed inventions and to demonstrate that the inventor was in possession of the inventions at the time the application for the patent was filed. Stated somewhat differently, the purpose of the written description requirement is to ensure that the scope of the patentee's rights, as set forth in the claims of the patent, does not overreach the scope of the inventor's contribution to the field of art. The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand that the missing requirement is necessarily implied in the patent application as originally filed. Further, a claim is not invalid for lack of written description because the specification does not give examples describing all possible embodiments of the claim language; the specification need only describe the claimed inventions.

**United States District Court**
For the Northern District of California

1
2

## JURY INSTRUCTION NO. 21

### OBVIOUSNESS

3       Not all innovations are patentable. A patent claim is invalid if it is shown by clear and

4   convincing evidence that the claimed invention would have been obvious to a person of ordinary

5   skill in the field at the time of the invention. This means that even if all of the requirements of the

6   claim cannot be found in a single prior art reference, a person of ordinary skill in the field of

7   integrated circuit design for power switches for switching voltage regulators who knew about all the

8   prior art would have come up with the claimed invention.

9       There is no single way to define the line between true inventiveness on one hand (which is

10  patentable) and the application of common sense and ordinary skill to solve a problem on the other

11  hand (which is not patentable). For example, market forces or other design incentives may be what

12  produced a change, rather than true inventiveness.

13      In evaluating whether a claim would have been obvious, you may consider whether there was

14  a motivation that would have prompted a person of ordinary skill in the field to combine the

15  elements or concepts from the prior art in the same way as in the claimed invention.   However,

16  knowledge of a problem and motivation to solve it are different from motivation to combine

17  particular references to reach the particular claimed method.  A patent claim composed of several

18  elements is not proved obvious merely by demonstrating that each of its elements was independently

19  known in the prior art.

20      In deciding whether a claim would have been obvious, you also may consider whether the

21  change was merely the predictable result of using prior art elements according to their known

22  functions, or whether it was the result of true inventiveness.  You should consider whether the

23  innovation applies a known technique that had been used to improve a similar device or method in a

24  similar way.  You also may consider whether the claimed invention would have been obvious to try,

25  meaning that the claimed innovation was one of a relatively small number of possible approaches to

26  the problem with a reasonable expectation of success by those skilled in the art.

27      You also may consider whether there is some teaching or suggestion in the prior art to make

28  the modification or combination of elements claimed in the patent.  Conversely, when the prior art

**United States District Court**
For the Northern District of California

1    teaches away from combining certain known elements, discovery of a successful means of

2    combining them is more likely to be nonobvious.  You may take into account known disadvantages

3    in old devices which would naturally discourage the search for new inventions.  Similarly, evidence

4    that a combination of elements known in the prior art was known as technically infeasible is

5    evidence of nonobviousness.

6         You must be careful not to determine obviousness using the benefit of hindsight; many true

7    inventions might seem obvious after the fact. You should put yourself in the position of a person of

8    ordinary skill in the field at the time the claimed invention was made and you should not consider

9    what is known today or what is learned from the teaching of the patent.  The parties have agreed that

10   the date of invention for the inventions that are at issue in this case is April 3, 1998.

11        The ultimate conclusion of whether a claim is obvious should be based upon your

12   determination of several factual decisions. First, you must decide the level of ordinary skill in the

13   field that someone would have had at the time the claimed invention was made. Second, you must

14   decide the scope and content of the prior art.  The following publications that were presented to you

15   in this case are prior art: 1) A Low-Voltage CMOS DC-DC Converter for a Portable

16   Battery-Operated System,  IEEE (1994) by Stratakos et al.; 2) Chip On Board Technologies for

17   Multichip Modules, Chapman & Hall, (1994) by Lau; and 3) U.S. Patent No. 5,412,239 to Williams.

18   Third, you must decide what difference, if any, existed between the claimed invention and the prior

19   art.  Finally, you should consider evidence relating to the objective indicia of nonobviousness that

20   are discussed in the next instruction.

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**OBJECTIVE INDICIA OF NONOBVIOUSNESS**

In deciding whether any of the asserted claims are obvious, you must also consider any of the following objective indicia of nonobviousness that you find have been shown by the evidence:

(1) Commercial success of a product due to the merits of the claimed invention;

(2) A long felt need for the solution provided by the claimed invention;

(3) Unsuccessful attempts by others to find the solution provided by the claimed invention.

(4) Copying of the claimed invention by others.

(5) Unexpected and superior results from the claimed invention.

(6) Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention.

(7) Whether persons expressed surprise, skepticism, or disbelief regarding the inventions.

(8) Whether others sought or obtained rights to the patent from the patent holder.

(9) Other evidence tending to show obviousness or nonobviousness.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 23**

**LEVEL OF ORDINARY SKILL**

Several times, in my instructions, I have referred to a person of ordinary skill in the field of mixed-signal integrated circuit design for switching regulators. The level of ordinary skill in the field was a Master's Degree in electrical Engineering focusing on integrated circuit technology generally with familiarity of voltage regulator device and interconnect technologies, or a Bachelor's Degree in electrical Engineering and three to five years experience in integrated circuit technology generally with familiarity of voltage regulator device and interconnect technologies. Alternatively, with respect to any particular issue regarding flip chip assembly and/or packaging, the level of ordinary skill would have been someone with five to ten years industrial experience in integrated circuit packaging or someone with comparable education, training or experience.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 24**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 25**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 26**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 27**

**COURT'S INTERPRETATION OF CLAIM TERMS**

- **integrated circuit:**   a miniaturized electronic circuit consisting of interconnected circuit elements, which is implemented on a semiconductor substrate.

- **metalized pads**: pads that include an under-bump metalization layer (UBM) that forms an interface between the top metal layer of the integrated circuit and the solder balls (bumps) that are often used in flip-chip type integrated circuits.  Pads in an integrated circuit are openings in the top passivation layer that allow connection to the top metal layer, to enable formation of connections between the integrated circuit and external circuit element.

- **flip-chip type integrated circuit chip**: An integrated circuit chip oriented such that its active side faces the printed circuit board.

- **a "first plurality of doped regions" and a "second plurality of doped regions" arranged in an "alternating pattern"**: 1) doped region:  a region where an impurity has been introduced into a substrate which changes the semiconductor's electrical properties; 2) alternating pattern: either (i) an "a" "b" "a" "b" pattern; or (ii) a checkerboard pattern.

- **substrate**:  The supporting material upon or within which an integrated circuit is fabricated or to which an integrated circuit is attached.

- **mounted on:**   supported by and securely fixed, either directly or indirectly, to the other surface.

- **maintain the DC voltage substantially constant**:  maintain the output voltage within well-defined tolerance limits in the face of changing input voltage and load, where the output voltage may be fixed, or may be adjusted on command such that over time, there may be more than one output voltage.

- **power switch**: one switching element or two switching elements.

- **substantially continuous plane/isolated structure**: 1)  substantially continuous plane:  a smooth and level surface containing openings, within the boundaries of the surface, that are small relative to the surface, where the openings contain isolated structures that are also small relative to the surface; 2) isolated structure: a conductive insert that is electrically

isolated from the substantially continuous plane, that is, the smooth and level surface, by an insulator.

- **lateral protrusion**:  a region of a conductive area that protrudes out of the side of that conductive area.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 28**

**GLOSSARY**

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given.  The definitions in the instructions must be followed and must control your deliberations.

- **Abstract**:  A brief summary of the technical disclosure in a patent.

- **Claim**:  Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph.  In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e.  similar to a land owner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed.  Claims may be independent or dependent.  An independent claim stands alone.  A dependent claim does not stand alone and refers to one or more other claims.  A dependent claim incorporates whatever the other referenced claim or claims say.

- **COB:** Chip on Board.

- **Continuation Application**:  A patent application filed during the examination process of an earlier application which has the same disclosure as the original application and does not include anything which would constitute new matter if inserted in the original application.

- **Continuation-In-Part (C-I-P) Application**:  A patent application filed during the application process of an earlier application which repeats some or all of the earlier application and adds matter not disclosed in the earlier application to support the addition of new patent claims.

- **Drawings**:  The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

- **Embodiment**: A product that contains the claimed invention.

- **Examination**:  Procedure before the U.S.  Patent and Trademark Office whereby a Patent Examiner reviews the filed patent application to determine if the claimed invention is patentable.

- **Filing Date**:  Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.
- **Limitation**:  A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention.  The word "limitation" is often used interchangeably with the words "requirement" or "element."
- **Office Action:**  A written communication from the Patent Examiner to the patent applicant in the course of the application examination process.
- **POSITA:** Person of ordinary skill in the art.
- **Prosecution History**:  The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent.  The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.
- **Specification**:  The specification is a required part of a patent application and an issued patent.  It is a written description of the invention and of the manner and process of making and using the claimed invention.