**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VOLTERRA SEMICONDUCTOR CORP.,              No. C-08-05129 JCS

        Plaintiff,

    v.

PRIMARION, INC., ET AL.,

        Defendants.

_____/

**COURT'S REVISED PROPOSED FINAL JURY INSTRUCTIONS**

DATED: May 23, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of the Court's Preliminary and Final Jury Instructions, which you may take with you to the jury room to consult during your deliberations.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**SUMMARY OF CONTENTIONS**

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to prevail on each of its contentions. As I previously told you, Primarion and Infineon argue that claims 26 and 34 of the '264 patent, and claims 9, 11, 16-19, 22, and 24 of the '522 patent are invalid.  Your job will be to decide whether these claims of the '264 and '522 patents are invalid.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.      the sworn testimony of any witness;

      2.      the exhibits which are received into evidence; and

      3.      any stipulated facts.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

**JURY INSTRUCTION NO. 8**

**USE OF NOTES**

Some of you may have taken notes to help you remember the evidence.  Whether or not you have taken notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 9**

**STIPULATIONS OF FACT**

The parties have agreed or the Court has found that certain facts exist and those facts have been read to you. You are required to treat these facts as having been proved.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**JURY INSTRUCTION NO. 12**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO 13**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15**

**INTERPRETATION OF CLAIMS**

I have interpreted the meaning of some of the language in the patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issue of invalidity. The decisions regarding invalidity are yours to make. A list of the claim terms that I have interpreted are included at the end of these instructions.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 16**

**INDEPENDENT AND DEPENDENT CLAIMS**

This case involves two types of patent claims:  independent claims and dependent claims. An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claims 9 and 22 of the '522 Patent and Claim 26 of the '264 Patent are each independent claims.

The remainder of the Asserted Claims from the '522 and '264 Patents are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers. Claims 11, 16, 17, 18, and 19 of the '522 Patent "depend on" Claim 9 of that Patent.  Claim 24 of the '522 Patent depends on Claim 22.  Claim 34 of the '264 Patent depends on Claim 26 of that Patent.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17**

**INVALIDITY – BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether Defendants Infineon and Primarion have proven that Claims 9, 11, 16, 17, 18, 19, 22, and 24 of the '522 Patent and Claims 26 and 34 of the '264 Patent are invalid.  Before discussing the specific rules, I want to tell you about the standard of proof that applies to both of Defendants' invalidity defenses, which are obviousness and lack of written description.  The standard of proof that applies to these defenses is the "clear and convincing"evidence standard.  "Clear and convincing" evidence is evidence which gives rise to an abiding conviction that the truth of the factual contentions are "highly probable." This standard is used because a patent is entitled to a statutory presumption of validity until it is proven invalid by clear and convincing evidence.

**JURY INSTRUCTION NO. 18**

**REEXAMINATION OF THE '264 AND '522 PATENTS**

As I instructed you in the Preliminary Jury Instructions, the United States Patent and Trademark Office conducted a reexamination of all of the claims of the '522 and '264 patents that are at issue in this case. The prior art references that have been presented to you, which are listed in Jury Instruction No. 20, were available to the Patent Office. The United States Patent and Trademark Office has concluded reexamination of both patents and issued a certificate of reexamination for both patents confirming the validity of the asserted claims. In determining whether Infineon and Primarion have met their burden of proving invalidity by clear and convincing evidence, you must consider the fact that the United States Patent and Trademark Office, on reexamination, has found that the asserted claims are valid.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 19**

**WRITTEN DESCRIPTION REQUIREMENT**

To meet their burden of proving invalidity for lack of written description the Defendants must show by clear and convincing evidence that the patent does not contain an adequate written description of the claimed inventions. The purpose of this written description requirement is to make sure that a patent describes the claimed inventions and to demonstrate that the inventor was in possession of the inventions at the time the application for the patent was filed. Stated somewhat differently, the purpose of the written description requirement is to ensure that the scope of the patentee's rights, as set forth in the claims of the patent, does not overreach the scope of the inventor's contribution to the field of art. The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand that the missing requirement is necessarily implied in the patent application as originally filed. Further, a claim is not invalid for lack of written description because the specification does not give examples describing all possible embodiments of the claim language; the specification need only describe the claimed inventions.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 20

## OBVIOUSNESS

Not all innovations are patentable. A patent claim is invalid if it is shown by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the field at the time of the invention. This means that even if all of the requirements of the claim cannot be found in a single prior art reference, a person of ordinary skill in the field of integrated circuit design for power switches for switching voltage regulators who knew about all the prior art would have come up with the claimed invention.

There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.

In evaluating whether a claim would have been obvious, you may consider whether there was a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention.   However, knowledge of a problem and reason to solve it are different from reason to combine particular references to reach the particular claimed method.  A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art.

In deciding whether a claim would have been obvious, you also may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness.  You should consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way.  You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.

You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent.  Conversely, when the prior art teaches away from combining certain known elements, discovery of a successful means of

combining them is more likely to be nonobvious.  You may take into account known disadvantages in old devices which would naturally discourage the search for new inventions.  Similarly, evidence that a combination of elements known in the prior art was known as technically infeasible is evidence of nonobviousness.

You must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.  The parties have agreed that the date of invention for the inventions that are at issue in this case is April 3, 1998.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions. First, you must consider the level of ordinary skill in the field that someone would have had at the time the claimed invention was made.  You will be instructed on this matter.  Second, you must decide the scope and content of the prior art.  The following publications that were presented to you in this case are prior art: 1) A Low-Voltage CMOS DC-DC Converter for a Portable Battery-Operated System,  IEEE (1994) by Stratakos et al.; 2) Chip On Board Technologies for Multichip Modules, Chapman & Hall, (1994) by Lau; and 3) U.S. Patent No. 5,412,239 to Williams. Third, you must decide what difference, if any, existed between the claimed invention and the prior art.  Finally, you must consider evidence relating to the objective indicia of nonobviousness that are discussed in the next instruction.

**JURY INSTRUCTION NO. 21**

**OBJECTIVE INDICIA OF NONOBVIOUSNESS**

In deciding whether any of the asserted claims are obvious, you must also consider any of the following objective indicia of nonobviousness that you find have been shown by the evidence:

(1) Commercial success of a product due to the merits of the claimed invention;

(2) A long felt need for the solution provided by the claimed invention;

(3) Unsuccessful attempts by others to find the solution provided by the claimed invention.

(4) Copying of the claimed invention by others.

(5) Unexpected and superior results from the claimed invention.

(6) Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention.

(7) Whether persons expressed surprise, skepticism, or disbelief regarding the inventions.

(8) Other evidence tending to show obviousness or nonobviousness.

With respect to commercial success, when a patentee can demonstrate commercial success, usually shown by significant sales in a relevant market, and that the successful product is the invention disclosed and claimed in the patent, it is presumed that the commercial success is due to the patented invention. The burden then shifts to the challenger, in this case Infineon and Primarion, to prove that the commercial success is instead due to other factors extraneous to the patented invention. Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 22**

**LEVEL OF ORDINARY SKILL**

Several times, in my instructions, I have referred to a person of ordinary skill in the field of mixed-signal integrated circuit design for switching regulators.  The level of ordinary skill in the field was a Master's Degree in electrical Engineering focusing on integrated circuit technology generally with familiarity of voltage regulator device and interconnect technologies, or a Bachelor's Degree in electrical Engineering and three to five years experience in integrated circuit technology generally with familiarity of voltage regulator device and interconnect technologies.  Alternatively, with respect to any particular issue regarding flip chip assembly and/or packaging, the level of ordinary skill would have been someone with five to ten years industrial experience in integrated circuit packaging or someone with comparable education, training or experience.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 23**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 24**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 25**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 26**

**COURT'S INTERPRETATION OF CLAIM TERMS**

• **integrated circuit:** a miniaturized electronic circuit consisting of interconnected circuit elements, which is implemented on a semiconductor substrate.

• **metalized pads**: pads that include an under-bump metalization layer (UBM) that forms an interface between the top metal layer of the integrated circuit and the solder balls (bumps) that are often used in flip-chip type integrated circuits. Pads in an integrated circuit are openings in the top passivation layer that allow connection to the top metal layer, to enable formation of connections between the integrated circuit and external circuit element.

• **flip-chip type integrated circuit chip**: An integrated circuit chip oriented such that its active side faces the printed circuit board.

• **doped region**: a region where an impurity has been introduced into a substrate which changes the semiconductor's electrical properties.

• **alternating pattern**: either (i) an "a" "b" "a" "b" pattern; or (ii) a checkerboard pattern.

• **substrate**: The supporting material upon or within which an integrated circuit is fabricated or to which an integrated circuit is attached.

• **mounted on:** supported by and securely fixed, either directly or indirectly, to the other surface.

• **maintain the DC voltage substantially constant**: maintain the output voltage within well-defined tolerance limits in the face of changing input voltage and load, where the output voltage may be fixed, or may be adjusted on command such that over time, there may be more than one output voltage.

• **power switch**: one switching element or two switching elements.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 27**

**GLOSSARY**

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given.  The definitions in the instructions must be followed and must control your deliberations.

• **Abstract**:  A brief summary of the technical disclosure in a patent.

• **Claim**:  Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph.  In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e.  similar to a land owner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed.  Claims may be independent or dependent.  An independent claim stands alone.  A dependent claim does not stand alone and refers to one or more other claims.  A dependent claim incorporates whatever the other referenced claim or claims say.

• **Continuation Application**:  A patent application filed during the examination process of an earlier application which has the same disclosure as the original application and does not include anything which would constitute new matter if inserted in the original application.

• **Drawings**:  The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

• **Embodiment**: A product that contains the claimed invention.

• **Examination**:  Procedure before the U.S.  Patent and Trademark Office whereby a Patent Examiner reviews the filed patent application to determine if the claimed invention is patentable.  I have previously defined for you the process of Reexamination.

• **Filing Date**:  Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

• **Limitation**:  A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention.  The word "limitation" is often used interchangeably with the words "requirement" or "element."

- • **POSITA:** Person of ordinary skill in the art.
- • **Specification**:  The specification is a required part of a patent application and an issued patent.  It is a description of the invention and of the manner and process of making and using the claimed invention.

**United States District Court**
For the Northern District of California