UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>          Plaintiff,<br><br>   v.<br><br>PRIMARION, INC., ET AL.,<br><br>          Defendants.<br>_____/ | Case No. C-08-05129 JCS<br><br>**ORDER RE:**<br><br>**1) VOLTERRA'S MOTION UNDER FED.R. CIV. PROC. 50(a) FOR JUDGMENT AS A MATTER OF LAW AS TO THE WRITTEN DESCRIPTION DEFENSE AT THE CLOSE OF EVIDENCE [Docket No. 1590]**<br><br>**2) VOLTERRA'S MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO WRITTEN DESCRIPTION DEFENSE [Docket No. 1570]**<br><br>**3) DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO WRITTEN DESCRIPTION [Docket No. 1582]** |

**I.      INTRODUCTION**

At the close of Defendants' case and again at the close of evidence, Volterra brought motions seeking judgment as a matter of law as to Defendants' written description defense (hereinafter, the "Plaintiff's Written Description JMOL Motions"), pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure. Defendants, in turn, brought a motion for judgment as a matter of law on their written description defense at the close of Plaintiff's case (hereinafter, "Defendants' Written Description JMOL Motion"). On the record of the trial, the Court GRANTED Plaintiff's Written Description JMOL Motions and DENIED Defendants' Written Description JMOL Motion. The

Court indicated that a formal order would follow after the trial. This Order sets forth the reasons for those rulings.[1]

## II. BACKGROUND

In their invalidity contentions, Defendants asserted that claims 26 and 34 of the '264 Patent and claims 9 and 22 of the '522 Patent are invalid for lack of written description, pursuant to 35 U.S.C. § 112, ¶ 1, because although it is undisputed that the "doped regions" limitations of those claims encompass LDMOS transistors as well as PMOS and NMOS transistors, the specification of the patents only describes devices using PMOS and NMOS transistors. Defendants' First Amended Invalidity Contentions ("The specification of the Burstein patents does not describe how to make and/or use any other type of transistors [than PMOS or NMOS devices], including an LDMOS transistor device"). Because the specification does not describe any device that uses an LDMOS type transistor, Defendants argued, "the Burstein specification fails to convey to those skilled in the art that the inventor had possession as of the filing date of an LDMOS transistor device as part of the claimed invention." *See* Docket No. 1050 (Primarion's Opposition to Volterra's Enablement Summary Judgment Motion) at 11.

Volterra argues in its JMOL Motions that judgment should be entered in its favor on this defense, pursuant to Rule 50 of the Federal Rules of Civil Procedure, because the jury could not reasonably find by clear and convincing evidence that the written description requirement is not met as to the "doped regions" limitations.

First, Volterra asserts that there is ample evidence that the Burstein Patents adequately disclose the claimed invention, which requires only a structure in which "doped regions" are arranged in an "alternating pattern" and does not require any particular type of transistor under the Court's claim construction. Volterra points to 35 U.S.C. § 112, ¶ 1, requiring that "[t]he specification shall contain a written description of the invention," as well as cases decided by the Federal Circuit holding that the written description requirement requires only that the *claimed invention* must be disclosed; under this authority, the written description requirement does not

---

[1] The parties also filed Rule 50 motions seeking judgment as a matter of law as to Defendants' obviousness defense. Those motions will be addressed in a separate order.

1  require that the inventor describe every potential embodiment that falls within the scope of the
2  claims.  *See Ariad Pharms, Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc);
3  *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005); *Falko-Gunter*
4  *Falkner v. Inglis*, 448 F.3d 1357, 1366 (Fed. Cir. 2006).  Thus, inventors are not required to provide
5  examples of devices containing features that are not critical to the invention in order to satisfy the
6  written description requirement, even if such a device falls within the scope of the claims.  *See*
7  *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1365 (Fed. Cir. 2003); *Lampi Corp. v.*
8  *American Power Prods.*, 228 F.3d 1365 (Fed. Cir. 2000);  *Honeywell Int'l, Inc. v. United States*, 609
9  F.3d 1292 (Fed. Cir. 2010).  Nor is a patent invalid because it fails to disclose an embodiment of the
10 invention that corresponds to the accused device.  *See Moba, B.V. v. Diamond Automation, Inc.*, 325
11 F.3d 1306, 1321 (Fed. Cir. 2003).

12      Volterra argues, pursuant to the authority discussed above, that in this case the claimed
13 invention is directed at developing a power switch for a voltage regulator with reduced parasitic
14 inductance and resistance and that for the purposes of achieving this objective, the "doped regions"
15 limitations require only that some kind of impurity be introduced into the substrate to change the
16 electrical qualities and facilitate the flow of current from the input terminal to the output terminal of
17 the voltage regulator.  Volterra further asserts that no reasonable jury could conclude by clear and
18 convincing evidence that the Burstein Patents fail to disclose the claimed invention with respect to
19 the doped regions limitations.  In particular, Volterra points out that Defendants' expert, Dr. Fair,
20 conceded that the alternating pattern of doped regions is adequately described in the Burstein
21 Patents.  *See* 5/11/11 Transcript at 500.  In addition, Figures 3B and 3C of the Burstein Patents
22 clearly show pluralities of doped patterns arranged in an alternating pattern.

23      On the other hand, whether the transistor is an LDMOS transistor or a PMOS or NMOS
24 transistor is *not* critical to the invention, Volterra asserts.  Likewise, the type of dopant used to form
25 the doped regions as compared to the dopant used in the substrate (referred to by Defendants as

3

1 "doped region patterning") also is not part of the claimed invention.[2]  Therefore, Volterra argues, the
2 specification of the Burstein Patents need not include an example that uses LDMOS transistors or
3 doped region patterning in which the type of dopant in the doped regions is a more heavily
4 concentrated dopant introduced into a substrate or well of a more lightly concentrated dopant of the
5 same type.  Volterra further asserts that the bulk of the evidence presented by Defendants at trial
6 fails to support its written description defense because it is based on the (incorrect) legal premise
7 that the inventors must describe the accused device to satisfy the written description requirement.
8 For example, Defendants' expert, Dr. Fair, testified as follows:

> The accused products in this case, Primarion's transistors, are not PMOS or NMOS transistors. They happen to be something called LDMOS transistors. That's the issue. That the patent does not have a written description of the transistors that are accused. That's my opinion.

5/10/11 Transcript at 283.  Volterra points out that in *Inline Connection Corp. v. Earthlink, Inc.*, 684 F. Supp. 2d 496, 531 (D. Del. 2010), a court granted the patentee's request for judgment as a matter of law as to the defendants' written description defense where it found that the focus of the evidence was on whether the patent adequately disclosed the accused technology, which was not substantial evidence as to whether the inventors possessed the claimed invention.  Similarly, Volterra contends, the Court should enter JMOL on Defendants' written description defense in this case because the evidence presented by Defendants in support of the defense goes to the wrong legal question.

Second, Volterra argues that to the extent that Defendants rely on testimony implying that the inventors were required to show that they had possession of the accused device, they are, in essence, asking the jury to disregard the Court's claim construction, which does not include LDMOS as a feature of the claimed invention.  Volterra contends that this is incorrect based on the well-established rule that it is the court's duty to determine the scope of the claims of a patent.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).  Here, Volterra points out, the

---

[2]Volterra objects to Defendants' argument that the Burstein Patents lack sufficient written description because they do not disclose the type of doped region patterning that is found in LDMOS transistors, arguing that this theory was not disclosed by Defendants in their invalidity contentions or even prior to trial.

4

1  Court expressly rejected Defendants' proposed construction of the doped regions limitations, which
2  would have limited the claimed invention to certain types of transistors.
3        Third, Volterra argues that even if the inventors *were* required to disclose an embodiment of
4  "doped regions" in an "alternating pattern" in an LDMOS transistor, no reasonable jury could find
5  under the clear and convincing standard that this standard was not met. Specifically, Dr. Bernstein
6  testified that LDMOS transistors are within the PMOS and NMOS transistor families and
7  Defendants presented no evidence contradicting this testimony. See 5/13/11 Transcript at 868. In
8  fact, Dr. Fair conceded that the accused device, which includes an LDMOS transistor, is described in
9  the datasheet for the device as an "N-Channel MOSFET" switch. *See* 5/11/11 Transcript at 514-
10 517).
11       In response to Plaintiff's Written Description JMOL Motions and in their own JMOL
12 Motion, Defendants argue that the Burstein Patents do not contain adequate written description
13 because the undisputed evidence establishes that the only "patterning" of doped regions described in
14 the Burstein Patents is a pattern of alternating source and drain regions where one type of doping
15 (e.g. p-type) is included in a well of the other type of doping (e.g. n-type), even though the claims
16 encompass transistors with a single source or drain region that has within it heavily doped
17 subregions (such as LDMOS transistors). *See* Defendants' Written Description JMOL Motion at 3;
18 Defendants' Opposition to Volterra's Written Description JMOL at 5-6. Defendants cite to the
19 testimony of their expert, Dr. Fair, who testified as to the differences between the doped region
20 patterning described in the specification of the Burstein Patents and the patterning found in LDMOS
21 transistors. *See* Defendants' Written Description JMOL Motion at 3-4 (citing 5/10/11 Trial
22 Transcript at 294-297, 5/11/11 Trial Transcript at 557-560). Defendants also cite to the testimony of
23 Volterra's expert, Dr. Szepesi, that the specification talks about PMOS and NMOS transistors,
24 which *might* include LDMOS as a subclass, but that he could not know whether this was the intent
25 of the inventors. *See* 5/10/11 Trial Transcript at 299. Defendants also reject Volterra's argument
26 that LDMOS is adequately disclosed because LDMOS is within the family of PMOS and NMOS
27 transistors, arguing that regardless of whether LDMOS is a type of PMOS or NMOS, there is no
28

5

evidence that the inventors had possession of a device that used the "more complicated type of patterning of LDMOS." Defendants' Written Description JMOL Motion at 5.

## III. ANALYSIS

### A. Legal Standard on Rule 50 Motions

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant a motion for judgment as a matter of law ("JMOL") against a party on a claim or issue where the party has been "fully heard on [that] issue during a jury trial" and the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis" to find for that party. Fed.R. Civ. P. 50(a). Where a party moves for JMOL in a case that has been tried to a jury, the court must determine whether "there exists evidence of record upon which a jury might properly have returned a verdict in [the non-movant's] favor when the correct legal standard is applied." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995) (quotations omitted).

### B. Legal Standard on Written Description Requirement[3]

The Patent Act requires that every patent must contain a written description and be enabled, as stated in 35 U.S.C. § 112 ¶ 1, which provides as follows:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

In *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Company*, the Federal Circuit made clear that the written description requirement is distinct from the enablement requirement, although the two "often rise and fall together." 598 F.3d 1336, 1352 (Fed. Cir. 2010).

To satisfy the written description requirement, "the description 'must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'" *Id.* at 1351 (quoting *In re Gosteli*, 872 F.2d 1008, 1012 (Fed. Cir. 1989)). "In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."

---

[3] For the convenience of the reader, the Court repeats here the legal standard set forth in its summary judgment order.

6

*Id*. (quoting *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1575 (Fed. Cir. 1985)).  The "test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." *Id*.  To meet this requirement, "[a]n applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention." *Cordis Corp. v. Medtronic AVE, Inc*. 339 F.3d 1352, 1365 (Fed. Cir. 2003) (quoting *Rexnord Corp. v. Laitram Corp*., 274 F.3d 1336, 1344 (Fed. Cir. 2001)).  Thus, "[a] specification may, within the meaning of 35 U.S.C. § 112 para. 1, contain a written description of a broadly claimed invention without describing all species that [the] claim encompasses." *Id*. (quoting *Utter v. Hiraga*, 845 F.2d 993, 998 (Fed. Cir.1988)).  Further, "[a] patent need not teach, and preferably omits, what is well known in the art." *Epistar Corp. v. International Trade Commission*, 566 F.3d 1321, 1336 (Fed. Cir. 2009) (quoting *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1534 (Fed. Cir. 2009)).

### C. Whether a Jury Could Find by Clear and Convincing Evidence that the Written Description Requirement is Not Met in the Burstein Patents

Having carefully reviewed the evidence presented at trial, the Court concludes that a jury could not reasonably find by clear and convincing evidence that the Burstein Patents are invalid for lack of adequate written description as to the doped regions claim limitations.  First, much of the evidence presented to the jury by Defendants on this question focused on whether the specification of the Burstein Patents disclosed the accused product rather than the "claimed invention" as the Court construed the asserted claims.  Indeed, as noted above, Dr. Fair testified before the jury that the Burstein Patents were invalid because they did not "have a written description of the transistors that are accused."  5/10/11 Trial Transcript at 283.  The Federal Circuit has held that this *is not* the correct test, however.  *See Moba*, 325 F.3d at 1321.  Rather, the written description requirement asks whether the inventors had possession of the *claimed invention*.  *See Ariad*, 598 F.3d at 1351.  Thus, in *In-Line*, the court granted JMOL in favor of the patentee as to the defendant's written description defense on the basis that much of the evidence presented at trial focused on the fact that the specification did not describe the accused product.  684 F. Supp. 2d at 581.  The court in that case agreed with the patentee that in doing so, the defendant was attempting to cloak an infringement analysis as an invalidity defense.  *Id*.

7

Further, to the extent that Defendants' written description defense is based on the failure of the inventors to offer any examples of a device that uses LDMOS or a pattern of doping that corresponds to LDMOS transistors,[4] Volterra is entitled to judgment in its favor because it is the task of the Court – and not the jury – to construe the claim terms in order to determine what constitutes the "claimed invention." *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc). The Court has found that the "claimed invention" requires "doped regions" arranged in an "alternating pattern," where a "doped region" is "a region where an impurity has been introduced into a substrate which changes the semiconductor's electrical properties" and an "alternating pattern" means "[e]ither (i) and 'a' 'b' 'a' 'b' pattern; or (ii) a checkerboard pattern." The Court's construction does not require any particular type of transistor. Nor does it limit the invention to embodiments containing a certain type of doped region patterning. Thus, Defendants' assertion that the Burstein Patents must show that the inventors had possession of a device that uses LDMOS transistors, *see* 5/10/11 Transcript at 293, or a device that contains a certain kind of doped region patterning, invites the jury to improperly disregard that Court's claim construction, which does not include these features as part of the claimed invention.

Therefore, the Court concludes that no reasonable jury could find by clear and convincing evidence that the asserted claims of the Burstein Patents are invalid for lack of adequate written description.

---

[4]The Court finds that Defendants' written description defense fails whether it is based on the contention that the Burstein Patents fail to show possession of an embodiment that uses LDMOS transistors or the theory that the Burstein Patents do not show possession of an embodiment that contains the type of "doped region patterning" found in LDMOS transistors. Therefore, the Court need not reach Volterra's assertion that Defendants should be barred from relying on the latter theory because they did not include it in their invalidity contentions.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Written Description JMOL Motions are GRANTED. Defendants' Written Description JMOL Motion is DENIED.

IT IS SO ORDERED.

Dated: June 21, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

9