IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORP., <br><br> Plaintiff, <br><br> v. <br><br> PRIMARION, INC., et al., <br><br> Defendants. | Case No.: C-08-5129 JCS <br><br> **ORDER RE: JOINT LETTERS ON DISCOVERY DISPUTES [Dkt. Nos. 1734 & 1746]** |

On April 5, 2012, the parties filed a Joint Letter Brief regarding Plaintiff's refusal to produce deposition witnesses. On April 12, 2012, the parties filed a second Joint Letter Brief regarding Defendants' supplemental response to Plaintiff's Interrogatory No. 7 and Plaintiff's supplemental response to Defendants' Interrogatories Nos. 1, 4, 5, 7, and 10.

On April 27, 2012, a hearing was held. Subsequently, the parties filed a Stipulation and Proposed Order Re: Further Supplementation of Interrogatory Responses ("Stipulation"). Dkt. No. 1762. This Order is meant to conform to the Stipulation. For reasons stated on the record at the hearing, and good cause shown,

IT IS HEREBY ORDERED THAT:

1. Plaintiff shall produce David B. Lidsky, Anthony J. Stratakos, and Andrew J. Burnstein for deposition. The depositions, however, shall be limited to the subject of the capabilities of the competitors' products, and the comparison of those capabilities to the capabilities of the Volterra products. The depositions shall not include matters taken up at the liability phase or topics regarding the comparison of Plaintiff's products to each other.

2. Regarding Plaintiff's Interrogatory No. 7, the Court does not have enough information to determine whether there was a waiver of attorney-client work product. Accordingly, Defendants shall 1) identify all persons who made any decision, or participated in any decision, to continue to produce the infringing products; 2) identify all persons who Defendants will have testify at trial on the decision to continue to produce the infringing products; and 3) all those persons identified in 2) shall give all reasons why the decision to continue to produce the infringing products was made. If one of the reasons given is a belief that the accused products did not infringe or that the patents in suit were invalid, the interrogatory answer shall list all reasons why such a belief was held by that witness. If any part of the basis for the belief is information or advice provided by lawyers, attorney-client privilege and work product may have been waived.

3. Also regarding Plaintiff's Interrogatory No. 7, Defendants are not required to identify every argument it made in the liability phase of the case as to non-infringement, invalidity, and enforceability. However, with respect to Defendants' argument that any infringement was not willful because there were reasonable arguments available as to infringement or invalidity, Defendants shall be limited at trial to those specific invalidity and non-infringement arguments in their interrogatory responses, their summary judgment papers on liability, raised at trial and at the reexamination.

4. Except as limited above, Defendants shall give full and complete answers to Plaintiff's Interrogatory No. 7.

5. Plaintiff shall give a full and complete answer to Defendants' Interrogatory No. 4. This answer shall include an identification of the following: all manufacturers of each product, and each entity that takes possession of the product along the way in the supply

chain; all foundries for each product; all contracting facilities for each product that package, assembles and/or test the products; all customers; all subcontractors and/or manufacturers' intermediaries to whom each product is shipped; all logistics companies to whom each product is shipped along the way in the supply chain.

6. Plaintiff shall give a full and complete answer to Defendants' Interrogatory No. 10 and produce documents responsive to Request Nos. 51-63.

7. All interrogatory responses and document productions shall be completed by **May 14, 2012**.

IT IS SO ORDERED.

Dated: May 8, 2012

_____

JOSEPH C. SPERO

United States Magistrate Judge