UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARION, INC., a Delaware corporation, INFINEON TECHNOLOGIES AG, a German corporation, and INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 08-5129 JCS<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING FURTHER SUPPLEMENTATION OF INTERROGATORY RESPONSES**<br><br>Location: Courtroom G - 15th Floor<br>Judge: Honorable Joseph C. Spero<br><br>Complaint Filed: November 12, 2008<br>Trial Date: November 1, 2012 |

WHEREAS, counsel for the Parties to the above-referenced case have met and conferred regarding the relative needs and associated costs of any further supplementation of interrogatories which each side has served on the other in this phase of the proceeding or to fully comply with the Court's Orders with respect to interrogatories at the April 27, 2012 discovery hearing and have determined that agreement limiting any further respective obligations to provide supplementation is in the best interests of both sides.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**STIPULATION RE: FURTHER SUPPLEMENTATION OF ROG RESPONSES / CASE NO.: CV- 08-05129-JCS**

23666\3047842.2

ACCORDINGLY, THE PARTIES HEREBY STIPULATE, BY AND THROUGH THEIR COUNSEL OF RECORD, AS FOLLOWS:

1. Neither side or any party will be required to prepare and serve any further supplemental or amended responses to any of the interrogatories propounded in this phase of the proceeding with the exception of: (a) Volterra supplementing Defendants' Interrogatory Nos. 4 and 10 as ordered by the Court at the April 27, 2012 discovery hearing; and (b) Defendants supplementing Volterra's Interrogatory No. 7 as ordered by the Court on pages 7-9 of the transcript of the April 27, 2012 discovery hearing. The parties will supplement the above-referenced responses by no later than Monday, May 14, 2012.

2. Both sides agree that except as to the three interrogatories specifically noted above in Paragraph 1, neither side will seek to compel any further responses to any other interrogatories propounded in this phase, including without limitation any other interrogatories that were the subject of the Court's Orders at the discovery hearing held on April 27, 2012.

3. Both sides also agree that with the exception of the Court's rulings and limitations as reflected at pages 7-9 and 16-20 of the transcript of the April 27, 2012 discovery hearing with respect to Defendants' arguments or contentions as to willfulness, neither side will be barred or precluded from presenting any evidence, contentions or testimony in any future proceedings in this case based on the content of their responses to any interrogatories propounded in this phase, including on the basis that such evidence, contentions, or testimony was not cited in responses to such interrogatories.

4. This agreement shall not affect:

- The Court's Order at the April 27, 2012 discovery hearing with respect to Defendants' Interrogatory Nos. 4 and 10 to Volterra;

- The Court's Orders on pages 7-9 of the transcript of the April 27, 2012 discovery hearing with respect to Defendants supplementing Volterra's Interrogatory No. 7; or

- The Court's rulings and limitations as reflected at pages 16-20 of the transcript of the April 27, 2012 discovery hearing with respect to Defendants' arguments or contentions as to willfulness.

5. Nothing in this stipulation shall waive the right of either side to seek leave of Court to seek to reopen fact discovery based on a claim of unfair surprise with respect to information disclosed in the other party's expert reports.

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: May 2, 2012 | FARELLA BRAUN + MARTEL LLP |
| I represent that concurrence in the filing of this document has been obtained from each of the other signatories which shall serve in lieu of their signatures on this document. | By: _____/s/ James W. Morando_____<br>James W. Morando<br><br>Attorneys for Plaintiff<br>VOLTERRA SEMICONDUCTOR CORPORATION, a Delaware corporation |
| Dated: May 2, 2012 | BAKER BOTTS L.L.P.<br><br>By: _____/s/ David G. Wille_____<br>David G. Wille<br><br>Attorneys for Defendants and Counterclaimants PRIMARION, INC., INFINEON TECHNOLOGIES AG, and INFINEON TECHNOLOGIES NORTH AMERICA CORP. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**DATED:** __May 8, 2012__

_____
THE HONORABLE JOSEPH C. SPERO