UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARION, INC., et al.,<br><br>Defendants. | Case No. 08-cv-05129-JCS<br><br>**ORDER RE VOLTERRA'S MOTION TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE REGARDING THE SECOND PRONG OF THE SEAGATE TEST RE WILLFUL INFRINGEMENT**<br><br>Re: Dkt. No. 1772 |

## I. INTRODUCTION

Volterra filed this motion to prevent Primarion from offering evidence regarding the subjective prong of the *Seagate* test on willful infringement. *See In re Seagate Technology, LLC* 497 F.3d 1360 (Fed. Cir. 2007). Volterra argues that Primarion's Seventh Supplemental Responses to Volterra's Interrogatory No. 7 demonstrate that the willfulness witnesses identified by Primarion (Sandro Cerato, Arun Mittal and Ken Ostrom) may offer testimony at trial that Primarion's decision to continue to market and produce infringing devices after receiving Volterra's cease and desist letter was based, in part, on an investigation undertaken by counsel. According to Volterra, although Primarion asserts that it does not intend to waive attorney-client privilege, it is impermissibly using the privilege as both a sword and a shield by seeking to present evidence of counsel's investigation to show that it took the cease and desist letter seriously while also refusing to allow discovery as to that investigation on the basis of privilege.

Volterra asks the Court to issue an order excluding at trial all testimony, evidence or argument relating to: 1) Primarion's actions after receiving the cease and desist letter, including that they conducted an investigation, consulted with counsel or took the cease and desist letter seriously; 2) Primarion's decision to continue to produce the products, given it was based on

Primarion's beliefs as to infringement and validity that were formed after consultation with counsel; and 3) the witnesses' beliefs about infringement and validity formed after consultation with counsel.  Docket 1772 at 1.  Alternatively, Volterra seeks an order that, by disclosing witnesses that relied on the advice of counsel, Defendants have waived the attorney-client privilege.  In that case, Volterra asserts, the Court should also order that the witnesses answer questions in their depositions regarding their communications with counsel, that Primarion provide full and complete Rule 30(b)(6) testimony and that Volterra be permitted to subpoena documents and obtain testimony from Defendants' counsel.

## II.  ANALYSIS

Because willful infringement and the scope of waiver accompanying the advice of counsel defense invoke substantive patent law, the law of the Federal Circuit applies to Volterra's motion.  *In re Seagate*, 497 F.3d at 1367.  The Federal Circuit has held that "[o]nce a party announces that it will rely on advice of counsel . . . in response to an assertion of willful infringement, the attorney-client privilege is waived." *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006).  Here, however, Primarion has repeatedly claimed that it is not asserting an advice of counsel defense and that its disclosures in response to Volterra's interrogatory were not a voluntary waiver but rather, a compelled response to the Court's order.   Primarion further asserts that its witnesses will not offer any testimony at trial that gives rise to a waiver of attorney-client privilege.  In this context, the Court concludes that it is inappropriate to find a waiver of attorney-client privilege based on Primarion's interrogatory response.  Therefore, the Court DENIES Volterra's  motion to the extent that it asks the Court to find a waiver of attorney-client privilege at this stage of the case.  Similarly, the Court declines to issue an order permitting the requested discovery of privileged communications.

With respect to Volterra's request for an order precluding testimony, arguments and evidence relating  to Primarion's response to its cease and desist letter, the Court GRANTS Volterra's request in part for the reasons stated below.

The Patent Local Rules require that a party who intends to rely upon advice of counsel as part of a patent-related claim or defense for any reason must make its election to assert such a

defense on a timely basis; otherwise, any advice of counsel defense can only be asserted pursuant to a stipulation by the parties. *See* Patent L.R. 3-7. Here, the time for Primarion to elect to assert an advice of counsel defense is long past. Indeed, Primarion has confirmed that it is not asserting such a defense and it would be manifestly unfair to allow Primarion to waive the privilege at trial, having declined to assert reliance on advice of counsel and having prevented discovery into privileged matters.

Turning to the question of what types of evidence and arguments would give rise to a waiver of attorney-client privilege, the Court notes, as a preliminary matter, that Primarion does not waive attorney-client privilege merely by denying that it acted willfully. *See Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006) (holding that attorney client privilege was not waived by testimony that did not do anything more than deny intent and did put any attorney-client communication in issue). On the other hand, if it relies on counsel's advice in order to defend itself at trial it will impliedly waive attorney client privilege. *See Laser Industries, Ltd. v. Reliant Technologies, Inc.*, 167 F.R.D. 417, 446 (N.D. Cal., 1996). An implied waiver occurs when "(1) [t]he party asserting the privilege acts affirmatively (2) to place the privileged communications in issue between the party seeking discovery and itself (3) such that denying access to the communication becomes manifestly unfair to the party seeking discovery." *Id.*, (quoting *Principle Business Enterprises, Inc. v. United States*, 210 U.S.P.Q. 26, 27 (Ct.Cl.1980)).

While Primarion suggests that a privileged communication is only put "in issue" if its contents are specifically identified or quoted, it has not cited any authority for that proposition, which the Court finds to be incorrect. A similar issue was addressed in *Claffey v. River Oaks Hyundai*, 486 F.Supp.2d 776 (N.D.Ill., 2007), which the Court finds instructive. There, a defendant sought to establish that it acted in good faith by introducing evidence that it followed reasonable procedures to ensure compliance with the law, including documents showing that its usual process included consultation with counsel. *Id.* at 778. Though the court deferred ruling on the motion, it opined that the defendant's "introduction of such documents would leave a fact finder with the distinct impression that [it] relied on advice by counsel on the matters at issue in this case." *Id.* The Court further found that if the defendant were "allowed to create this

impression but still maintain its attorney-client privilege, it would in effect be using the privilege as both a shield and a sword" and therefore held that if the defendant "actually relie[d] on any documents or other evidence that would tend to suggest that its procedures included consultation with counsel, it [would] be deemed to have waived its attorney-client privilege." *Id*. This Court finds the same reasoning applies here. In particular, the introduction of any evidence that Primarion's investigation included seeking advice of counsel would be sufficient to put that advice in issue and further, would result in unfairness to Volterra to the extent it would leave the jury with the impression that Primarion relied on the advice of counsel.

Accordingly, while the Court declines, at this time, to prohibit introduction of all of the testimony, evidence and arguments requested in Volterra's motion, it will not permit, at a minimum, any evidence that Primarion's investigation in response to the cease and desist letters included consultations with counsel. Further restrictions may be appropriate depending on the specific testimony given by the witnesses at deposition.

### III. CONCLUSION

The Court DENIES in part Volterra's Motion to the extent that the Court declines to find a waiver of attorney-client privilege based on Primarion's interrogatory responses. The Court GRANTS in part Volterra's motion to the extent the Court prohibits the introduction of any evidence, testimony or arguments that Primarion's investigation in response to the cease and desist letters included consultations with counsel. To the extent that Volterra requests broader preclusion of evidence, the motion is DENIED without prejudice to raising that issue in a motion in limine.

IT IS SO ORDERED.

Dated: April 3, 2013

Joseph C. Spero
United States Magistrate Judge