

**JAMES W. MORANDO**
jmorando@fbm.com
D 415.954.4457

October 25, 2013

*Via ECF*

Honorable Joseph C. Spero
U.S. Magistrate Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue
Courtroom G, 15th Floor
San Francisco CA 94102

    Re:    Volterra Semiconductor Corporation v. Primarion, et al.
                Case No. 08-cv-05129 JCS

Dear Judge Spero:

    We are writing in response to the Court's Orders entered following the September 27, 2013 Case Management Conference requiring the parties to meet and confer regarding a mediation. *See* Dkt. Nos. 2014, 2023.

**Volterra's Statement**

    As a result of the recent acquisition by Maxim Integrated Products of Volterra Semiconductor Corporation, Volterra is not yet in a position to determine an appropriate date for a mediation and also needs more time to make a final determination as to the selection of a mediator (which is of course related to the scheduling issue). This is because of certain management transitions occurring as a result of the acquisition, which is resulting in new decision makers becoming involved. For example, Volterra's former general counsel who was the primary legal contact with Volterra's outside litigation counsel is now no longer working at Volterra.

    Volterra is interested and willing to participate in a mediation, but at the same time wants to ensure that if the time and expense of a mediation is undertaken, it results in a meaningful process which is not scheduled prematurely or when its new decision makers are not available and also that it is conducted with an effective mediator acceptable to both sides. In furtherance of that goal, since the Court's October 15, 2013 Order, counsel for the parties have engaged in additional communications regarding a mediation. Counsel for both sides have exchanged the names of potential mediators. Infineon has proposed two mediators, though one is not



Honorable Joseph C. Spero
October 25, 2013
Page 2

acceptable to Volterra's counsel.  Volterra's counsel has inquired of Infineon's counsel about three other potential mediators, though at least one of these was not acceptable to Infineon's counsel.

We request a further extension until November 8, 2013 to conduct further discussions regarding a mediation and to then update the Court.  In addition, we submit that Infineon's request below to set some arbitrary "date certain" or any suggestion for the Court to order the parties to proceed with any particular private mediator is inappropriate and, frankly, counterproductive.  We believe that any such requests should be denied.

**Defendants' Statement**

On October 9, Defendants proposed to Volterra two mediator candidates from JAMS: Hon. Daniel Weinstein and Hon. James Warren.  Defendants have tried to engage Volterra in substantive discussions regarding possible mediation, but Volterra's counsel has reported that it has been unable to obtain any authority from Volterra.  Volterra's counsel has suggested some possible candidates, but Volterra has not itself even considered those candidates.

Infineon continues to believe that Hon. Daniel Weinstein and Hon. James Warren are good candidates for handling the parties proposed mediation.  Mr. Weinstein is available beginning in January, and Mr. Warren is available beginning in December.  Defendants request that the Court order mediation by a date certain.  Nevertheless, if the Court would prefer to grant Volterra's second request for a time extension, Defendants do not oppose such a time extension.

Respectfully submitted,

FARELLA BRAUN & MARTEL LLP

By: _____*/s/ James W. Morando*_____
         James W. Morando

Attorneys for Plaintiff

VOLTERRA SEMICONDUCTOR CORPORATION

23666\3931880.2

IT IS HEREBY ORDERED that the extension of time is GRANTED to 11/8/13.
Dated: 10/28/13

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Joseph C. Spero]*